This is an appeal from denial of a Rule 60 (b), ARCP, motion to set aside a default judgment. We reverse.
Denial of a rule 60 (b) motion to set aside a default judgment is a final order and is appealable. Bros, Inc. v. W.E.Grace Mfg. Co., C.A. 5th, 320 F.2d 594, 601. See 11 Wright Miller, Federal Practice Procedure, Sec. 2871 at 258.
Plaintiff filed suit upon a note. The complaint stated that a copy of the note was attached as an exhibit and made a part thereof. The exhibit attached was not a note but a security agreement which listed no secured property. The complaint averred that by the terms of the note rights of exemption were waived and defendant agreed to pay a reasonable attorney fee.
Defendant filed answer and a jury demand. Subsequently, attorney for defendant withdrew with leave of court and with notice of his withdrawal to defendant. More than 13 months after filing suit plaintiff moved for default judgment. Affidavit was made by plaintiff under Rule 55 (a) that defendant had failed to appear or otherwise defend. Judgment was demanded from the clerk in an amount certain, to-wit: $2,553.10.
More than a month after the request for default, a judgment was entered, not by the clerk, but by the court. The judgment entry stated that defendant had failed to appear, plead or otherwise defend and judgment was rendered against him for $2,553.10 and costs on a waive promissory note pursuant to Rule 55 (b)(2) ARCP. There was no entry of taking of testimony upon the complaint.
Some eight months after judgment, defendant, by different counsel, filed motion to vacate the judgment under Rule 60 (b)(4), ARCP. There were three grounds set out. These were as follows:
 (1) The judgment is void for failure of plaintiff to comply with the provisions of Title 5, Sec. 322, Code of Alabama (1940).
 (2) The judgment is void because the complaint was upon a promissory note attached as "Exhibit A." "Exhibit A" is not a promissory note. Therefore there was no evidence before the court to sustain a judgment.
 (3) The judgment is void because it is a default under Rule 55 (a), ARCP, but defendant had filed an answer, was not given three days' notice of taking judgment and the judgment was not entered on a day the case was set for trial, all contrary to Rule 55 (b)(2), ARCP.
The motion to vacate was denied after hearing. Defendant appealed.
The issues presented by this appeal raise questions as to the meaning and effect of provisions of Title 5, Sec. 322 (Mini-Code) and of Rule 55, ARCP, which have not previously been considered by an appellate court of this state. Title 5, Sec. 322 is as follows:
 "No creditor under this chapter shall bring suit on any debt for collection, and no judgment by default or otherwise shall be rendered until the creditor shall file an affidavit stating that (a) there has not been a violation of provisions of this chapter, and (b) that the debtor (if a resident of this state) on information and belief of creditor is a resident of the county in which the suit is filed. If such violation exists or if the debtor is not a resident of the county in which suit is filed, the suit shall be abated."
As this court indicated in Jefferson v. Mitchell SelectFurniture Co., 56 Ala. App. 259, *Page 1348 321 So.2d 216, the compilation of statutes known as the "Mini-Code" cannot be referred to as model legislation. However, Sec. 322 contains definite prohibitions against both creditor and court. The creditor is prohibited from bringing suit without filing the required affidavit. If he should disregard the prohibition, the court is prohibited from entering judgment thereon until such affidavit is filed. In effect, the penalty upon the creditor for suing without the affidavit is that the court may not enter judgment until it is filed. We consider the prohibition upon the court to be a limitation of its authority to exercise jurisdiction if not waived affirmatively. However, a judgment rendered without such affidavit, but with jurisdiction of the parties is not void but voidable. In this case, the filing of an answer may be considered as a waiver.
The prohibitive provisions of Sec. 322 may be compared with those of 50 U.S.C.A. App. Sec. 520 (Soldiers' Sailors' Civil Relief Act). The failure to file required affidavit under that statute has been held not to make a judgment void but voidable.People v. Vogel, 46 Cal.2d 798, 299 P.2d 850.
The record in this case shows several actions violating Rule 55, ARCP. First: the motion and affidavit for default were made under 55 (a) and state the defendant failed to appear, answer or otherwise defend. Such is contrary to the record. Defendant did appear and filed answer and jury demand. Plaintiff was not entitled to default under 55 (a). Second: the application for default was to the clerk. The clerk did enter default. No such authority existed in the clerk after defensive pleading was filed. Rule 55 (a). Third: Judgment by default was entered by the court and recited that motion was made for default judgment under Rule 55 (b)(2). The record does not contain a motion for default judgment to the court but only to the clerk under 55 (a). Fourth: The judgment recites that default had previously been entered for failure to plead or otherwise defend. Such finding is contrary to the record. As previously noted, answer and jury demand had been filed. Such was not withdrawn by the withdrawal of counsel. Fifth: Judgment was not entered on a day set for trial and there was not notice of application for default as required by Rule 55 (b)(2). That portion of the rule is as follows:
 "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application, provided, however, that judgment by default may be entered by the court on the day the case is set for trial without such 3 days notice."
The federal courts which have considered the provisions of Rule 55 (b)(2) as to notice of application for default seem to consider absence of notice ground for relief upon appeal or upon a Rule 60 (b) motion. However, there are differences of opinion as to whether a judgment entered without notice is void. (Not void) Winfield Associates, Inc. v. Stonecipher, C.A.10th, 429 F.2d 1087. (Void) Bass v. Hoagland, C.A.5th,172 F.2d 205, cert. den. 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494;Ken-Mar Airpark, Inc. v. Toth Aircraft Accessories Co., W.D.Mo., 12 F.R.D. 399. A sixth matter disclosed by the record relates to the defendant's jury demand. According to the record, after counsel for defendant withdrew the case was transferred to the non-jury docket by order of the court. At the time of the order, the defendant was not in default in any fashion. The reason for such transferal is not disclosed. Rule 38 (d), ARCP provides as follows:
 "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties except where an opposing party is in default under Rule 55 (a). The failure to appear, in person or by counsel, at the trial is a waiver of trial by jury."
As the defendant was not in default by failure to appear under 55 (a), was not given notice that default was to be sought and the case was not set for a trial at which he *Page 1349 
failed to appear, we find no waiver of a jury trial under Rule 38 or Rule 55.
A seventh matter missing from the record is notice of judgment from the clerk to defendant under Rule 77 (d). Such notice is not substantive, but as made clear by the rule and Committee Comments, it is for the convenience of a party who would not otherwise know of the entry of judgment. Failure to send such notice does permit extension of time for taking appeal for a period of up to 30 days.
The primary principle of the Alabama Rules of Civil Procedure is to afford to the parties to every action a prompt and fair trial upon the merits. Within that principle it is inherent that judgments by default are not favored. Hutton v. Fisher, C.A.3rd, 359 F.2d 913. Any doubts as to propriety in any case should be resolved in favor of the defaulting party. Davis v.Parkhill-Goodloe Co., C.A.5th, 302 F.2d 489. Rule 55 epitomizes the proposition that the duty is upon the court to determine that default is due particularly after filing of defensive pleadings. It is clear that the entry of judgment by the court under Rule 55 (b)(2) is discretionary with the court and that a moving party is not entitled to such judgment as a matter of right. Davis v. Parkhill-Goodloe Co., supra. Even after entry of default, further opportunity for exercise of discretion may come to the court under Rules 55 (c) and 60 (b).
As we have previously shown by the listing of the instances of failure to comply with Rule 55, this court considers that the trial court never reached the point of using its discretion. It totally disregarded Rule 55 or permitted the protective procedures of Rule 55 to be disregarded. Whether failure to comply with any one of the requirements of Rule 55 in this case renders the judgment void is not necessary for this court to decide. We conclude that there were so many irregularities in the rendering of judgment in this case, i.e., (1) failure to recognize from the record that answer and jury demand were filed; (2) transfer to the non-jury docket after jury demand; (3) entry of judgment for failure to appear and defend when defense was in the record; (4) failure to give notice of application for default; (5) entry of judgment upon a day not set for trial; (6) entry of judgment without taking testimony in suit upon a note and for attorney fees when there was a jury demand not waived; (7) entry of judgment upon a note and for attorney fees when such note was not before the court; (8) entry of judgment when complaint alleges a waive note as an exhibit, and such exhibit is not a waive note nor even a note; that Rule 55 and Rule 38 (d) were rendered useless, the court was without authority, due process was denied and the judgment is void. Winfield Associates, Inc. v. Stonecipher, supra; Bassv. Hoagland, supra.
We have tediously pointed out the many instances of error under the facts of this case. However, the crux of our decision is simply that after appearing and pleading, there could be no default entered under Rule 55 (a). Judgment could be entered by the court thereafter only upon the day the case was set for trial. In this case judgment was not authorized by Rule 55 and is void.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur. *Page 1350