350 So.2d 444 (1977)
Jackie WEAVER and Canyonland Park, Inc.
v.
TRAVEL INN, INC.
SC 2469.
Supreme Court of Alabama.
September 30, 1977.
*445 Roger Killian of Killian & Gillis, Fort Payne, for appellants.
Terry T. Bush, Rainsville, for appellee.
FAULKNER, Justice.
This is an appeal from an order denying a motion for relief from judgment. We reverse and remand.
On June 11, 1974, Travel Inn filed suit against Weaver and Canyonland for $55,000 plus interest and costs due by open account. After a letter was allegedly mailed to Weaver advising him that a default would be taken unless settlement was made, Travel Inn, on July 24, filed an application for default, accompanied by an affidavit of Travel Inn's counsel. The affiant swore that 30 days had elapsed since summons and complaint were served; defendants failed to answer or otherwise defend, and requested entry of default pursuant to Rule 55(a) ARCP. On August 5, Weaver and Canyonland filed an answer of not guilty and demanded trial by jury.
On March 31, 1975 Travel Inn by its agent, Ross Guthrie, filed an affidavit stating that Weaver and Canyonland owed Travel Inn $58,300 plus interest for work done by Guthrie, and that "said amount is now due and unpaid, and all lawful off-sets, payments, and credits have been allowed." On April 7, the clerk issued a certificate certifying that Travel Inn recovered a judgment of $58,300 against Weaver and Canyonland. Several executions were attempted, but in each instant the return showed no property found.
On July 1, 1976, Weaver and Canyonland filed a motion for relief from judgment. The motion was denied by the trial court.
Rule 55(a) ARCP provides that the Clerk may enter default at the plaintiff's request, against a party who has failed to plead or otherwise defend. Entering default by the clerk (or by the court) is the first action taken before entering a default judgment.
The clerk can enter a default when a claim for affirmative relief has been made against a party who fails to plead, or otherwise defend. This failure is shown by an affidavit or otherwise. The general effect of an entry of default is that of a decree pro confesso under the old Equity Rules 32-34, T. 7 Code of Alabama 1940. Therefore, the plaintiff, having had the clerk make an entry of default, proceeds to have a judgment by default entered pursuant to 55(b).
Under 55(b)(1) the clerk may enter a default judgment but only where (1) the claim is for a sum certain or can be made certain by computation, (2) the default is for failure to appear, and (3) the defendant is not an infant or incompetent person. An affidavit showing the amount due, default for failure to appear, and that defendant is not an infant or incompetent person, must be filed with the request for default judgment.
The record neither shows that an entry of default was ever made by the clerk nor that a judgment by default was entered by the clerk. Moreover, while the affidavit for entry of default complies with Rule 55(a), the affidavit for judgment by default is deficient on its face. This affidavit states that $58,300 plus interest is due, for work and labor, yet the complaint claimed $55,000 due by open account. Furthermore, the affidavit did not state default was for failure to appear, and it did not state that the defendant was not an infant or incompetent person. Obviously, Canyonland was neither an infant nor an incompetent person, *446 but could one who did not know, say that Weaver was not. Admittedly, in this instance, this may appear to be technical, but it does not take any more time to do something right than it does to do it wrongsometimes less.
The certificate of judgment in this case is a nullity. There is not an entry of judgment; there is not a judgment by default. Rule 55, §§ (a) and (b)(1) have not been complied with. The motion for relief under Rule 60 should have been granted, and the court's order denying the motion is reversed.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, ALMON and EMBRY, JJ., concur.
BLOODWORTH, MADDOX, SHORES and BEATTY, JJ., dissent.
MADDOX, Justice (dissenting).
I would not reverse the judgment, but would merely remand the cause to the circuit court to determine whether a default had actually been entered by the clerk, although not shown by the records.
The entry of a default is not merely a perfunctory matter. See United States v. Herlong, 9 F.R.D. 194 [W.D.S.C.1949]. The entry of a default is not totally discretionary with the clerk under all circumstances.
Alabama Rules of Civil Procedure 55(a) provides:
"(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."
Travel Inn's application for default, while omitting the date of service, nevertheless alleged that more than 30 days had elapsed since the defendants were served with summons and a copy of the complaint. Additionally the summons, which was in the record, showed that Weaver was served on June 11, 1974, which was more than 30 days prior to the application for default. Under ARCP 55(a) the clerk is authorized to look at the whole record, and is not limited to the affidavit.
As stated in 6A Moore's Federal Practice ¶58.06, p. 58-262, "But if the clerk possesses the authority yet neglects to follow the prescribed procedure, the clerk's action is not deemed a nullity." Although this statement is made in the context of the entry of judgments, the rationale is equally applicable to the entry of default. Where adequate facts are made to appear by the application for default and the record, I believe the clerk is mandated by the language of ARCP 55(a) to enter the default. See 6A Moore's Federal Practice 158.04[1]. The clerk's failure to enter default upon proper application upon the records is a clerical error which could be corrected by the court on its own motion under ARCP 60(a).
"In brief, then, courts possess an ample remedial power to correct clerical mistakes in judgments, orders, or other parts of the record, and also . . . errors arising from oversight or omission. In exercising the power to correct clerical mistakes, courts should, however, confine the power to correction of mistakes that may legitimately be said to be clerical, and exercise it only on a clear showing of mistake." 6A Moore's Federal Practice ¶60.06[3], p. 4061-63.
If, after remand, the Court should determine that the entry of default was made on July 24, 1974, Weaver's filing of an answer and jury demand twelve days thereafter would not operate to remove appellants from default. Sparks v. J. S. Reeves & Co., 165 Ala. 352, 51 So. 574 (1910).
The late filing would not constitute an appearance or pleading under ARCP 55(b)(2) so as to require the judgment of default to be rendered by the court within three days' notice to Weaver.
I believe that when a plaintiff has done all that is required to entitle him to a default judgment, he should not be prejudiced by the clerk's ministerial failure to enter it properly. 49 C.J.S. Judgments § 205, p. 365. The effect of a failure to *447 enter judgment was recently explained in LeFlore v. State ex rel Moore, 288 Ala. 310, 260 So.2d 581 (1972):
"As against strangers the maxim that a court of record can act only through its records prevails, and the recording of the judgment in the minutes of the court may be regarded as essential to its effectiveness as against third parties. 46 Am. Jur.2d Judgments, Section 159. However, as between the parties, the validity of a judgment is not affected by the failure of the clerk of the court to note the judgment in the minutes book. Shargaa v. State (Fla.), 102 So.2d 809." (emphasis added).
The judgment certificate issued by the clerk on April 7, 1975, stated that a default judgment was taken against Weaver on February 28, 1975. An affidavit of amount due was not filed by Travel Inn until March 31, 1975. A review of the record indicates that the date of February 28th is a clerical error. The only other place in which that date appears is on the affidavit of amount due as the date of making the affidavit rather than the date on which the affidavit was filed. Apparently, February 28 was the date of filing and the clerk mistakenly used this date. Although the trial court did not make a specific finding of fact that the judgment was rendered on March 31, 1975, such a finding would be necessary to support the denial of a motion for relief from judgment.
On remand, the court could clear up this mistake.
In short, I would give the trial judge an opportunity to determine whether these were clerical mistakes which could be corrected without voiding the judgment.
BLOODWORTH, SHORES and BEATTY, JJ., concur.