This is an appeal from the trial court's order denying a motion to set aside a default judgment. The appellee has moved to dismiss the appeal. We deny the appellee's motion and affirm the order of the trial court.
Appellant, C. Paul Graham, was allegedly a guarantor on a promissory note payable to the appellee, University Credit Union. The credit union commenced an action against Graham for $9,458.72 due upon the note when the primary debtor was adjudicated a bankrupt. Graham failed to appear or otherwise defend in this action.
A default judgment was entered against Graham and in favor of the credit union in March, 1980. Thereafter, Graham paid the judgment.
Eleven months after the rendition of the default judgment and subsequent to the payment of the judgment, Graham filed a counterclaim and a rule 60 (b), A.R.C.P., motion to have the default judgment set aside. The trial court held a hearing on Graham's motion and, on April 23, 1981, an order was entered denying the rule 60 (b) motion and dismissing Graham's counterclaim.
On April 28, Graham filed a motion to reconsider the denial of the rule 60 (b) motion. A motion to reconsider the denial of a rule 60 (b) motion may clearly, if not otherwise, be made at any time prior to the running of the time for appeal. 7 Moore's Federal Practice ¶ 60.28 [3]. The trial court has the authority to entertain a motion to reconsider a motion requesting relief from default judgment. Havel v. Dawkins, 412 So.2d 800
(Ala.Civ.App. February 3, 1982). The time for appealing the motion to reconsider begins to run on the date the trial court enters the order denying said motion. Cockrell v. World'sFinest Chocolate Co., 349 So.2d 1117 (Ala. 1977).
In the instant action, Graham filed his motion to reconsider only five days after his rule 60 (b) motion was denied. The trial court heard arguments on the motion to reconsider and reviewed an affidavit offered by Graham in support of the motion. The trial court entered an order denying the motion to reconsider on June 19.
Graham filed his notice of appeal to this court on July 21, stating in pertinent part:
 NOTICE OF APPEAL TO THE COURT OF CIVIL APPEALS
 Notice is hereby given that C. Paul Graham Jr., M.D., appeal(s) to the above court from the (final judgment) wherein *Page 146 
the trial court denied defendant's motion to vacate default judgment and dismissing his counterclaim with prejudice, which was ordered by the court on April 23, 1981, and the court having considered said motion for reconsideration, along with the legally competent and material portions of the affidavit of Dr. C. Paul Graham, Jr., which was filed with the court on June 15, 1981, and the court having considered all of the foregoing, it is ordered and adjudged that said motion for reconsideration is hereby overruled and denied. (Emphasis supplied.)
 APPELLEE'S MOTION TO DISMISS THE APPEAL
The appellee credit union contends that the notice of appeal specifies the April 23 order as the judgment from which Graham is now appealing. Consequently, the credit union claims, the appeal is untimely since it was filed more than forty-two days after the rendition of the April 23 order.
We disagree with the credit union's contention. Though the above referenced notice of appeal is not a paragon of clarity, it is sufficient to invoke the jurisdiction of this court. A notice of appeal need only contain a simple statement indicating the judgment from which the appeal is being taken.Edmondson v. Blakely, 341 So.2d 481 (Ala. 1976).
In the instant action, the time for taking an appeal from either the default judgment or the April 23 order denying the motion to set aside the default had expired long before the notice of appeal was filed on July 21. Therefore, the June 19 order denying the motion to reconsider the denial of the motion to set aside the default was the only order from which the appeal could have been taken. Cockrell v. World's FinestChocolate Co., supra.
Graham's notice of appeal from the June 19 order was timely filed on July 21. Even though the notice of appeal is imprecise, it is sufficient to put the credit union on notice that Graham is appealing from the June 19 order denying his motion to reconsider. Harbin v. State, 397 So.2d 143
(Ala.Civ.App.), cert. denied, 397 So.2d 145 (Ala. 1981). Therefore, for the reasons indicated, we decline to dismiss the appeal and will review the trial court's order of June 19.
 DENIAL OF THE MOTION TO RECONSIDER THE RULE 60 (b)(4) MOTION
An appeal of an order denying a motion made pursuant to rule 60 (b) presents for review the correctness of the order rather than the correctness of the final judgment which the movant seeks to have set aside. Coosa Marble Co. v. Whetstone,294 Ala. 408, 318 So.2d 271 (1975).
At the outset we note the instant motion is a rule 60 (b)(4) motion, to wit, a motion to set aside a void judgment. A reading of the motion and the brief of appellant clearly reveal this fact.
There is no discretion on the part of the trial court on a rule 60 (b)(4) motion for relief. If the judgment is void, it must be set aside; if it is valid, it must stand. Therefore, the only question presented to us is whether the judgment is void. Wonder v. Southbound Records, Inc., 364 So.2d 1173 (Ala. 1978).
Graham, through able counsel, contends the motion to reconsider should have been granted because the default judgment was void. He presents three grounds in support of his position:
I. The Credit Union did not file an affidavit as required by section 5-19-11, Code of Alabama (1975) (the Mini Code);
II. The trial court did not have the authority to enter a default judgment because there had been no prior entry of default pursuant to 55 (a), A.R.C.P.; and
III. The Credit Union failed to file a written motion requesting a default in accordance with rule 7 (b)(1), A.R.C.P.
 I
Graham first contends the default judgment is void because certain jurisdictional requirements of the Alabama Mini Code were disregarded. Specifically, he contends the credit union failed to file an affidavit pursuant to section 5-19-11, and therefore *Page 147 
the court was prohibited from entering a judgment.
The statute in question, section 5-19-11, provides:
 No creditor under this chapter shall bring an action on any debt for collection, and no judgment by default or otherwise shall be entered until the creditor shall file an affidavit stating that
 (1) There has not been a violation of the provisions of this chapter, and
 (2) The debtor, if a resident of this state, on information and belief of creditor is a resident of the county in which the action is filed.
 If such violation exists or if the debtor is not a resident of the county in which such action is filed, the action shall be abated.
The credit union does not deny that it failed to file an affidavit in compliance with the statute. However, the credit union contends that a judgment entered without the affidavit is not void but voidable. We agree. In Welch v. G.F C. CreditCorp., 336 So.2d 1346, 1348 (Ala.Civ.App. 1976), we stated:
 However, Sec. 322 [now § 5-19-11] contains definite prohibitions against both creditor and court. The creditor is prohibited from bringing suit without filing the required affidavit. If he should disregard the prohibition, the court is prohibited from entering judgment thereon until such affidavit is filed. In effect, the penalty upon the creditor for suing without the affidavit is that the court may not enter judgment until it is filed. We consider the prohibition upon the court to be a limitation of its authority to exercise jurisdiction if not waived affirmatively. However, a judgment rendered without such affidavit, but with jurisdiction of the parties is not void but voidable. In this case, the filing of an answer may be considered as a waiver. (Emphasis supplied.)
The credit union contends that payment of the judgment by Graham constituted an affirmative waiver of the Mini Code affidavit.[1]
Although Graham ultimately agreed to pay the judgment, it does not appear that this act alone necessarily is an affirmative waiver of the Mini Code affidavit. There can generally be no waiver without the intentional relinquishment of a known right. O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430
(1969). Payment on a judgment is a performance on a mandatory decree and thus is not necessarily a voluntary act. Bateh v.Brown, 289 Ala. 699, 271 So.2d 833 (1973), appeal after remand,331 So.2d 671 (Ala. 1976). Graham's act of paying the judgment, then, in and of itself, in this instance where there is a paucity of facts surrounding the payment, was not of such a voluntary nature so as to constitute an affirmative waiver of the Mini Code affidavit.
However, it is undisputed that Graham, after being served with the complaint, chose not to appear or otherwise defend prior to the trial court's entry of a default judgment. We see little distinction between Graham's acts in this instance and the act of the defaulting party in Welch v. G.F.C. CreditCorp., supra. In Welch, the defaulting party's filing of an answer constituted an affirmative waiver of the requisite Mini Code affidavit. In the instant case, Graham's decision to "pay the judgment," as indicated above, and his decision "not to appear or otherwise defend" was, to this court, an intentional relinquishment of his known right to attack the authority of the court to render a default judgment due to the credit union's noncompliance with section 5-19-11.
Because the default judgment now before us was voidable, because of the facts as shown above, rather than void, the rule 60 (b) motion to have the judgment set aside on the grounds that it was void was properly denied. *Page 148 
 II
Graham next contends that the omission of an entry of default pursuant to rule 55 (a) renders the trial court's entry of a default judgment void.
There is no entry of default in the record before us. Rule 55 provides in pertinent part:
 (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
 (b) Judgment. Judgment by default may be entered as follows:
. . . .
 (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered (A) against an infant, or (B) against an incompetent person, unless represented in the action by a general guardian or other representative as provided in Rule 17 (c) who has appeared therein. . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury pursuant to the provisions of Rule 38.
Prior to obtaining a default judgment under rule 55 (b)(2), there must be an entry of default as provided by rule 55 (a). Wright Miller, Federal Practice and Procedure § 2682. Entering default by the court or the clerk is the first action taken before entering a default judgment. Weaver v. Travel Inn,Inc., 350 So.2d 444 (Ala. 1977).
We have found no case construing rule 55, A.R.C.P., or a similar rule from another jurisdiction, which has discussed the validity of a default judgment entered by the court as we have in this instance without a prior entry of default pursuant to rule 55 (a). It does not appear, however, that failure to make an entry of default renders the subsequent judgment void.
The entry of default under rule 55 (a) is largely a formal matter. Orange Theatre Corp. v. Rayherstz, 130 F.2d 185 (3d Cir. 1942). The omission of an entry of default is an irregularity which does not render the judgment void, although it may constitute grounds for reversing it. 49 C.J.S. Judgments
§ 206.[2]
Clearly, the absence of an entry of default is procedurally incorrect. Weaver v. Travel Inn, Inc., supra. We have, however, found no authority which supports Graham's contention that the omission of an entry of default renders the default judgmententered by the court void. Therefore, in the instant case, we find the trial court did not err in denying the rule 60 (b) motion to set aside the default judgment.
 III
Graham finally contends the credit union's failure to file a written motion requesting a default judgment pursuant to rule 7 (b)(1) rendered the judgment void.
Rule 7 (b)(1) states:
 (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
The credit union concedes it did not file a written motion with the trial court. The *Page 149 
credit union contends, however, it orally requested a default judgment and the trial court had all pertinent data which would entitle the credit union to a default judgment.
The credit union's contentions are supported by the trial court's order:
 On motion of plaintiff, it being shown to the satisfaction of the court that defendant is neither an infant nor unrepresented incompetent person, judgment by default is hereby rendered in favor of the plaintiff and against the defendant in the sum of $9,458.72 and all costs.
There is no evidence before us to contradict the trial court's statement that it was entering the judgment on the motion of the credit union. Appellant Graham, in brief, even indicates that the credit union orally requested a default judgment.
Rule 7 (b)(1) expressly provides that a motion may be made orally "during a hearing." Rule 7 (b)(1). The North Carolina Court of Appeals has ruled that a written motion for an entry of default or an entry of a default judgment is not mandatory, though it is certainly better practice to file a written motion. Sawyer v. Cox, 36 N.C. App. 300, 244 S.E.2d 173, cert.denied, 295 N.C. 467, 246 S.E.2d 216 (1978).
We cannot hold, therefore, on the facts of the instant case coupled with the liberal construction of the Alabama Rules of Civil Procedure, that the credit union's failure to file a written motion rendered the default judgment void.
We have carefully considered each of the three issues raised by Graham on appeal and cannot conclude, as indicated above, that the default judgment was void. Hence, the trial court did not err in denying Graham's motion to reconsider the denial of the rule 60 (b) motion.
For the foregoing reasons, this cause is due to be affirmed.
AFFIRMED. MOTION TO DISMISS APPEAL DENIED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] The credit union contends that Graham actually agreed to settle for less than the amount owed on the judgment, and that the payment of a lesser amount constitutes a waiver. There is no evidence in the record of the amount paid by Graham; rather, there is merely evidence that he did pay the judgment. This fact, payment, is revealed by Graham's own affidavit.
[2] Accord: Under old Alabama Equity Rule 32, T. 7, Code of Alabama 1940 (Recomp. 1958) (now incorporated into rule 55 A.R.C.P.), an irregular or unauthorized decree pro confesso did not render it or the final decree void, although it might be reversed on appeal. Capps v. Norden, 261 Ala. 676, 75 So.2d 915
(1954).