EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves ARCP Rule 60(b) motions relative to a previous divorce judgment which also provided for child support.
Mrs. Hilbish’s divorce complaint sought child support for two of the parties’ children. Her averments in that regard were that Mr. Hilbish, the defendant, was employed by a construction company and was then able to pay the sum of $500 per month for support and maintenance. The summons and complaint were personally served upon the defendant on February 11, 1975. He did not appear and plead thereto, or otherwise defend, and the plaintiff filed an appropriate and timely motion and affidavit requesting a default judgment. The register did not enter the defendant’s default. The plaintiff’s deposition on oral examination contained only the following testimony relative to child support: “Defendant is a healthy, able-bodied man and is gainfully employed and is able to pay support and maintenance to the minor children born of our marriage.... ” The March 31, 1975, judgment of the circuit court, among other provisions, divorced the parties, granted custody of the two children to the plaintiff and ordered the defendant to pay $250 per month for their support and maintenance.
On April 11, 1980, the plaintiff filed a petition for rule nisi alleging the defendant’s failure to pay child support in accordance with the 1975 final judgment. In addition to a general denial of the plaintiff’s petition, the defendant filed two Rule 60(b) motions. His June 1980 motion contended that the 1975 final judgment was a nullity because neither an entry of default nor a judgment by default was ever made or entered by the register. His August 1981 alternate motion for relief from the child support provisions of the 1975 final judgment was based upon the averment that the divorce evidence of the plaintiff as to child support did not uphold the final judgment awarding such maintenance since it contained no testimony concerning the needs of the two minor children. The trial court overruled both of the defendant’s Rule 60(b) motions, and the two issues now argued on appeal are each concerned only with the respective contentions as raised in the two motions of the defendant.
Initially, we note that the only matter reviewable on this appeal is the order overruling the defendant’s motions and *1116 not the 1975 final judgment itself. A Rule 60(b) motion may not be utilized as a substitute for an appeal. Metropolitan Life Insurance Company v. Akins, 388 So.2d 999 (Ala.Civ.App.1980); Marsh v. Marsh, 338 So.2d 422 (Ala.Civ.App.1976). Here, both of the raised issues were properly matters for an appeal of the 1975 final judgment and were not appropriate subjects for the Rule 60(b) motions. Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977); Graham v. University Credit Union, 411 So.2d 144, 148 (Ala.Civ.App.1982) Marsh v. Marsh, supra.
As a general proposition, a judgment is not void where the trial court had jurisdiction over the parties and the subject matter. Raine v. First Western Bank, 362 So.2d 846 (Ala.1978); Marsh v. Marsh, supra. Here the court had jurisdiction of the subject matter, the support of the two children, because of the averments of the complaint. Jurisdiction over the defendant was perfected by personal service of the summons and complaint upon him. The judgment not being void under that common test, it was necessary for the defendant to allege and prove a meritorious defense to the action. Frazier v. Malone, 387 So.2d 145, 150 (Ala.1980). Here, the defendant failed to make either the necessary allegations or the required proof in that respect.
Under ARCP Rule 55(b), the register could not have entered a judgment in this divorce action against the defendant, for only the court is thereby authorized to do so.
As to the failure of the register to enter a default as is required by Rule 55(a), it was a procedural irregularity, a formality that was not complied with. Graham v. University Credit Union, supra. The failure to perform that ministerial duty by the register in that respect cannot override the judicial function of the court itself in rendering and entering the 1975 final judgment. The defendant had not pleaded nor otherwise defended against the complaint which was personally served upon him. The plaintiff was entitled to a default judgment and we cannot fathom as to how the defendant was injured or damaged by that procedural omission of the register. Even if we were presently considering the merits as to this issue upon a timely direct appeal from the 1975 final judgment, the failure of the register to enter a default judgment under Rule 55(a) would have constituted error without injury under ARAP Rule 45 and ARCP 61.
The defendant argues that the holding in Weaver v. Travel Inn, Inc., 350 So.2d 444 (Ala.1977) rendered the 1975 divorce judgment void. In Weaver no judgment, in fact, had been either rendered or entered by either the clerk or the court. Here, a judgment was both rendered and entered by the court pursuant to Rule 55(bX2). That argument is foreclosed further by the Graham case, supra, where in discussing the Weaver case it was held, “We have, however, found no authority which supports Graham’s contention that the omission of an entry of default renders the default judgment entered by the court void. Therefore, in the instant case, we find the trial court did not err in denying the Rule 60(b) motion to set aside the default judgment.” Graham v. University Credit Union, supra, at 148.
As to the raised issue that the evidence was inadequate to support the award of child support in the 1975 judgment, that matter cannot be successfully raised by such a motion. A Rule 60(b) motion, which attacks the sufficiency of the trial evidence to support the initial judgment rendered by the trial court, will not lie to review and revise irregularities or insufficiencies of that character, appeal being the appropriate remedy. Brown v. Kingsberry Mortgage Co., supra; Marsh v. Marsh, supra. In Brown, it was stated, “Errors found in the testimony are reviewable by appeal, not by a Rule 60(b) motion (or Bill of Review).” Brown, supra at 568.
We affirm the judgment of the trial court in overruling the defendant’s Rule 60(b) motions.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty sta *1117 tus as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.