HOLMES, Judge.
The trial court refused to set aside a divorce decree obtained by default. The husband appeals and we affirm.
The wife filed for divorce in the Circuit Court of DeKalb County in April, 1982. The husband could not be found, necessitating service by publication. The husband *579 failed to make an appearance or otherwise defend. On August 3, 1982, the learned trial judge signed a final decree divorcing the parties. There was no entry of default prior to the final decree nor were any affidavits filed pursuant to rule 55, A.R.Civ.P.
Thereafter, the husband petitioned the trial court to set aside the final decree pursuant to rule 60(b), A.R.Civ.P., alleging that no entry of default was made before the final judgment. In addition, the husband alleged that the final decree was due to be set aside because no affidavits were filed as required by rule 55. As indicated, the trial court denied the husband’s petition and the husband appeals.
The dispositive issue on appeal is whether the final judgment is void in that the procedural requirements for obtaining a default judgment were not observed, to wit, the lack of entry of default and the lack of affidavits.
The husband in urging error relies heavily upon Weaver v. Travel Inn, Inc., 350 So.2d 444 (Ala.1977). While this court can appreciate able counsel’s reliance thereon, we believe Weaver to be clearly distinguishable from the instant case.
In Weaver no judgment of any kind had been rendered or entered by either the clerk or the court. In the instant case the trial judge clearly rendered and entered a judgment.
As to the effect of lack of an entry of default, we believe that what this court stated in Hilbish v. Hilbish, 415 So.2d 1114 (Ala.Civ.App.1982), is appropriate. In that case we held that the failure to enter default as required by rule 55 is a procedural irregularity that, considering the particular facts of the case, amounts to harmless error or error without injury under rule 45, A.R.A.P., and rule 61, A.R.Civ.P. Simply stated, we have found no authority which supports the contention that the omission of an entry of default renders a default judgment entered by the court void. Graham v. University Credit Union, 411 So.2d 144 (Ala.Civ.App.1982). Therefore, we find that the trial court did not err in the instant case by denying the motion to set aside the default judgment for lack of entry of default. Error in the instant case cannot be predicated upon the lack of entry of default as required by rule 55, A.R.Civ.P.
The husband further contends that the trial court erred in refusing to set aside the default judgment in that there was no affidavit or other proof of competency, etc., as required by rule 55.
When default judgment is entered by the clerk, rule 55(b)(1) appears to require an affidavit stating certain things, to wit, the defendant is not an incompetent person, etc. The Alabama Rules of Civil Procedure regarding default judgment by the court do not specifically refer to an affidavit. The rule merely states that:
“In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered (A) against an infant, or (B) against an incompetent person, unless represented in the action by a general guardian or other representative as provided in Rule 17(c) who has appeared therein.”
To this court it would seem far better practice to have such an affidavit or other proof in the record to indicate competency, etc. However, we do not find that in this instance, where service was properly obtained and the trial court had the benefit of pleadings and depositions which indicate no lack of competency, etc., that the trial court is required to set aside a judgment by default entered by the court without affidavits or other specific proof of competency, etc.
The lack of an affidavit does not make the judgment void. Graham v. University Credit Union, supra. Therefore, when considered in the context of a rule 60(b) motion to set aside the judgment, the lack of an affidavit ultimately becomes a question of competency and should be alleged as a meritorious defense. Raine v. First Western Bank, 362 So.2d 846 (Ala.1978). In other words, the judgment is not void for lack of an affidavit or other proof; therefore, to support a 60(b) motion the *580 lack of an affidavit becomes a question of competency, etc., that should be pled as a meritorious defense. This is especially so in the instant case where the record contains evidence that suggests or implies competency, etc.
To reiterate, when default judgment is entered by the court the procedural requirements concerning affidavits of competency are less exact. The mere lack of affidavit does not make the judgment void; therefore, to use the lack of such in the context of a 60(b) motion to set aside the judgment, it should be pled as a meritorious defense which was not done in the instant appeal.
The mere allegation that there is a lack of an affidavit is not enough to require setting aside the judgment. This is so especially in view of the fact that the trial court entered the judgment and the record contains evidence from which one could infer competency.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.