This is a divorce case involving an award of a percentage of the husband's retirement benefits to the wife.
The parties were married on September 11, 1956. They have three adult children. The wife filed a complaint for divorce on the grounds of incompatibility of temperament between the parties. The court rendered a judgment of divorce on June 22, 1984. The husband appeals from that portion of the decree wherein the trial court awarded the wife:
 "[F]orty-four percent (44%) of the Defendant's [husband's] net military retirement pay, which the Court determines . . . to be the money he receives after the normal tax deductions are made from his military retirement, said sum to be paid in the form of an allotment to the Plaintiff [wife]."
The husband contends on appeal that the award of military retirement benefits constitutes periodic alimony. He further urges that the trial court abused its discretion in making such an award to the wife because of her marital misconduct. The wife counters that this award is a property settlement.
The trial court's decree does not specifically say whether the above award is an award of periodic alimony or a division of property.
In the absence of specific language in the trial court's decree declaring the award of a portion of husband's monthly military retirement benefits to be a property settlement, we must assume that the trial court was making an award of periodic alimony. This assumption is based on Alabama case law.
We have consistently held that in Alabama a husband's military retirement benefits can be applied only to the payment of periodic alimony, that such benefits cannot be made the basis of a property division or of an award of alimony in gross. Tinsley v. Tinsley, 431 So.2d 1304 (Ala.Civ.App. 1983);Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ.App. 1981), writquashed, 413 So.2d 1157 (Ala. 1982); Kabaci v. Kabaci,373 So.2d 1144 (Ala.Civ.App. 1979). Therefore, we believe, in the absence of specific language to the contrary, that the trial court was following the mandate of these cases and was making an award of periodic alimony.
We note that the wife has not cross appealed contending that the trial court erred by not making the award from the military benefits a property division. She just answers husband's contention by saying *Page 1241 
the award was a property division rather than an award of periodic alimony.
Husband's next contention is that the trial court erred in making the periodic alimony award to the wife because of her marital misconduct. The wife admitted at trial that she had been guilty of past marital misconduct and that she was living with another man at the time of trial. The husband argues that this evidence requires that the trial court not award periodic alimony. See Taylor v. Taylor, 434 So.2d 269 (Ala.Civ.App. 1983). In support of this argument husband says that in a post-judgment hearing pursuant to section 30-2-55, Code 1975, the evidence of the wife's misconduct would require the trial court to terminate a periodic alimony award. He contends that the wife's misconduct should be dispositive of the initial alimony proceedings just as such misconduct is dispositive of efforts by the husband to terminate periodic alimony awards previously made to the wife.
An award of periodic alimony is at the discretion of the trial court and will not be disturbed on appeal except for a showing of plain and palpable abuse. Pugh v. Pugh,406 So.2d 966 (Ala.Civ.App. 1981). Many factors may be considered by a trial court in determining whether to award alimony and in fixing the amount. These factors include the following:
 "[T]he future earning prospects of the parties; their education, experience, job history and earning record; their health, station in life and needs; the duration of the marriage and the misconduct, if any, of the parties."
Kennedy v. Kennedy, 410 So.2d 100 (Ala.Civ.App. 1982). In Popev. Pope, 268 Ala. 513, 109 So.2d 521 (1959), the supreme court held that even though the wife was guilty of misconduct her claim to alimony is not entirely forfeited under all circumstances, particularly given consideration of other factors such as those noted above.
In the case sub judice the parties had been married for twenty-eight years. The couple moved many times during the marriage due to the husband's military career, precluding the wife from actively pursuing her own career. The husband's net weekly paycheck from his current employment is approximately $600. His military retirement pay is approximately $1,800 per month. The wife's monthly pay is $700 per month. As noted above, the wife admitted that she had been unfaithful to the husband during the course of the marriage. There also is evidence in the record relating to the husband's misconduct during the marriage. Therefore, the trial court could have reasonably decided that the parties were equally at fault in the breakup of the marriage.
Given these facts, we cannot find that the trial court abused its discretion in awarding the wife forty-four percent of the husband's net monthly military retirement pay. Nor do we consider section 30-2-55, Code 1975, applicable to the case at bar since this section operates to terminate alimony after it has been awarded. Also, this section addresses incidents ofpostmarital unchastity by a former spouse. See Parish v.Parish, 374 So.2d 348 (Ala.Civ.App.), cert. denied,374 So.2d 351 (Ala. 1979), appeal dismissed, 444 U.S. 1041,100 S.Ct. 725, 62 L.Ed.2d 726 (1980). Accordingly, we affirm the order of the trial court granting the wife forty-four percent of the husband's military retirement pay payable in monthly allotments.
The wife's request for a reasonable attorney's fee for services rendered in defending her award on appeal is granted in the amount of $400. Watson v. Watson, 278 Ala. 425,178 So.2d 819 (1965); McEntire v. McEntire, 345 So.2d 316
(Ala.Civ.App. 1977). The husband's request for attorney's fee is denied.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result. *Page 1242