This case involves the husband's request for Rule 60(b)(4), Alabama Rules of Civil Procedure, relief which was denied by the trial court.
The parties to the present litigation were divorced on May 18, 1984. The property settlement arrived at by the parties, which was incorporated into the divorce decree, provided that the husband's military retirement pay was to be treated as joint property and that the wife was entitled to "receive fifty percent (50%) of the disposable retirement pay by direct allotment from the United States Government as each such installment of retirement pay is paid."
The husband continued to abide by the agreement until June 1986. At that time the husband filed an independent action to attack the prior divorce decree and the property settlement contained therein pursuant to Rule 60(b)(4).
The husband premised his Rule 60(b)(4) motion on the fact that Alabama courts have yet to recognize a spouse's military retirement benefits as property which can be divided between the parties in the event of divorce. See, Broadus v. Broadus,470 So.2d 1239 (Ala.Civ.App. 1985). Therefore, the husband argued, the trial court lacked jurisdiction to divide his military retirement pay as joint property, and the 1984 decree should be set aside pursuant to Rule 60(b)(4).
The trial court heard the husband's Rule 60(b)(4) motion on September 11, 1986. At the close of the proceeding the court took the husband's motion under advisement and, thereafter, denied the requested relief.
The husband now appeals and contends that the trial court erred in refusing to set aside the 1984 divorce decree and the property settlement contained therein pursuant to Rule 60(b)(4), i.e. the trial court lacked subject matter jurisdiction and the judgment rendered was void.
At the outset, we note that Rule 60(b)(4) relief is applicable only in cases wherein the court rendering the prior judgment lacked jurisdiction over the subject matter, or over one or more of the parties, or otherwise acted in a manner inconsistent with due process. See, Smith v. Clark,468 So.2d 138 (Ala. 1985). Also, a Rule 60(b)(4) motion to have a prior judgment set aside will be granted only where the prior judgment is void rather than voidable. *Page 778 See, Graham v. University Credit Union, 411 So.2d 144
(Ala.Civ.App. 1982).
In Graham, a debtor against whom a prior default judgment had been rendered attempted to have the prior judgment set aside pursuant to Rule 60(b)(4) on the basis that the plaintiff-creditor had failed to file statutorily required affidavits prior to bringing suit. The debtor contended that the default judgment was void because the requirement that the plaintiff file the particular affidavit constituted a jurisdictional act. The debtor, therefore, argued the plaintiff's failure to file the affidavits left the trial court without jurisdiction to enter a judgment on the complaint.
On appeal this court held that the creditor's failure to file the affidavits before instituting suit left the judgmentvoidable rather than void. For this reason, we held that the trial court properly denied the 60(b)(4) relief sought by the debtor. See, Graham v. University Credit Union, supra.
The facts in the present case reveal that the husband is seeking 60(b)(4) relief on the basis that the trial court's decree, making a joint property division with respect to his retirement pay, is contrary to current Alabama law. While it is true that a husband's military retirement pay cannot involuntarily be made the basis of a property division,Broadus v. Broadus, supra, the present case involves the incorporation of the parties' prior property settlement agreement into the final divorce decree. This court has yet to decide whether Broadus's general prohibition against the division of retirement pay as marital property extends to property settlements arranged by the parties and thereafter incorporated by judicial decree. However, since the outcome of this case rests upon whether the trial court had subject matter and personal jurisdiction, and not upon the merits of the property settlement, we decline to address this issue at this time.
The record in this case fails to reveal any facts which would indicate that the trial court lacked either subject matter jurisdiction or personal jurisdiction at the time of the June 1984 divorce decree. Furthermore, our review of the evidence fails to disclose any evidence that the trial court acted in a manner inconsistent with due process. For these reasons, we believe that the trial court properly denied the husband's Rule 60(b)(4) motion.
The judgment below, denying the husband's requested Rule 60(b)(4) relief is, therefore, affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.