HOLMES, Judge.
This is a case involving the sufficiency of the appellant’s notice of appeal.
The plaintiff sued the defendant in the Mobile County Circuit Court for $100,000, alleging fraud and misrepresentation in connection with the odometer on an automobile the defendant sold to the plaintiff. The plaintiff had in turn sold the vehicle to a third party who had apparently obtained a judgment against the plaintiff due to the incorrect odometer reading. The plaintiff sought to introduce into evidence that judgment against it to support its claim for special damages against the defendant.
On May 5, 1987, the circuit court sustained the defendant’s objections to the plaintiff’s introduction of such evidence. That same day the defendant confessed to a judgment against it in the amount of $350, and the circuit court entered a judgment for the plaintiff for that amount.
On May 20, 1987, the plaintiff filed a notice of appeal “from the order of the Circuit Court of Mobile County, Alabama, wherein the Court granted the Defendant’s Motion to Exclude certain damages sought by the Plaintiff on May 5, 1987.”
The defendant filed a motion with the appellate court on July 6, 1987, to dismiss the appeal on the ground that the order appealed “is not a Final Judgment or Order from which an appeal will lie.” On August 17, 1987, the plaintiff filed an amended notice of appeal “to include an appeal of the final judgment entered by the Court for the Plaintiff.”
The issue now before this court is whether the defendant’s motion to dismiss the appeal is due to be granted or whether the amended notice of appeal properly brings the case before this court.
After a careful review of the case, we conclude that the appeal is due to be dismissed.
Without a doubt, the plaintiffs original notice of appeal is defective.
Rule 3(c) of the Alabama Rules of Appellate Procedure requires that the appellant’s notice of appeal “designate the judgment, order or part thereof appealed from.” The judgment or order referred to in the rule is only a final judgment or order because generally only the latter are appealable. Wesley v. Brandon, 419 So.2d 257 (Ala.Civ.App.1982).
*1302 The order specified by the plaintiff m its notice of appeal was not the final judgment or order of the trial court, but, rather, an evidentiary ruling of the trial court. Therefore, the plaintiff failed to comply with Rule 3(c), A.R.A.P.
The plaintiff relies on decisions by this court and by the Alabama Supreme Court in which leniency has been allowed under Rule 3(c) as to an appellant’s designation of the judgment from which it appeals. Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117 (Ala.1977); Edmondson v. Blakey, 341 So.2d 481 (Ala.1976); Graham v. University Credit Union, 411 So.2d 144 (Ala.Civ.App.1982). The plaintiff contends that such leniency should be shown in this case because the defendant was fully aware of the true subject of the plaintiff’s appeal and, therefore, was not prejudiced by any inaccuracy in the notice of appeal.
We disagree. The plaintiff has not merely failed to identify accurately the order from which it appeals, as required by Rule 3(c). The plaintiff did specifically identify that order. Because, however, such order was not the final order or judgment of the trial court, it was not the proper subject of the notice of appeal. Therefore, those cases relied upon by the plaintiff are inap-posite.
The plaintiff also contends that its amended notice of appeal cured any prior defect and that the case is, therefore, properly before this court. With regard to this contention, we note that the amended notice of appeal was filed approximately three months after the original notice of appeal was filed — long after the expiration of the time within which an appeal may be taken.
More significant, however, is the fact that the amended notice of appeal was filed only after the defendant had filed its motion to dismiss, pointing out the defect in the plaintiff’s original notice of appeal.
Therefore, in view of the totality of the circumstances, we conclude that the plaintiff’s notice of appeal is defective, and the appeal is due to be dismissed. To hold otherwise would be an injustice to the defendant/appellee. There must be some consequences for the failure to comply with the Rules of Appellate Procedure. See Rule 2, A.R.A.P.
In view of the above, we do not address the merits presented on appeal.
This appeal is dismissed.
APPEAL DISMISSED.
BRADLEY, P.J., and INGRAM, J., concur.