The parties were divorced by decree of the Russell County Circuit Court on July 13, 1987. A property settlement agreement arrived at by the parties, which was incorporated into the divorce decree, provided that the husband's military retirement benefits were to be treated as marital property and that the wife was entitled to receive 50% of the total monthly amount of such benefits.
In June 1990 the wife filed a petition for rule nisi, alleging that, among other things, the husband had failed to assign his benefits to her as provided for in the settlement agreement and divorce decree. The husband answered with a general denial of the allegations and a petition to modify, wherein he alleged fraud in the procurement of his consent to the assignment of the benefits and prayed that the provision in the divorce decree relating to the benefits be declared void. He later amended his answer, raising the affirmative defenses of fraud and a void or voidable divorce decree, at least as to that portion of the decree relating to military benefits. On August 24, 1990, the husband filed a counterclaim substantively similar to his prior motions. On the same date, he also filed a motion pursuant to Rule 60(b), Alabama Rules of Civil Procedure, wherein he again indicated the invalidity of the subject provision and requested relief from the July 1987 divorce decree.
On September 13, 1990, after an ore tenus proceeding, the trial court rendered a judgment denying the husband's motions for modification and relief and established an arrearage in the amount of $5,000, based on non-payment of military benefits to the wife. The trial court also ordered continued payment of the benefits by the husband, as was provided in the property settlement and divorce decree. The husband's subsequent motion for a new trial was denied. He appeals from these adverse judgments. We affirm.
In the main, the husband premises his appeal on the fact that this jurisdiction has yet to recognize a spouse's military retirement benefits as property that is properly subject to court division between parties to a divorce. See Thompson v.Thompson, 532 So.2d 1027 (Ala.Civ.App. 1988); Broadus v.Broadus, 470 So.2d 1239 (Ala.Civ.App. 1985); Kabaci v.Kabaci, 373 So.2d 1144 (Ala.Civ.App. 1979). He contends, therefore, that the divorce decree of July 1987, or at least the portion incorporating his agreement to assign 50% of his military benefits to his wife as a property settlement, was void or, in the alternative, voidable and that the trial court erred in denying his motions and rendering a judgment in favor of the wife for an arrearage. He further contends that, if the decree or subject provision is not void but is instead only voidable, the court nonetheless erred in affirmatively ordering him to continue the assignment of his benefits to his wife in compliance with the decree.
We first address the merits of the husband's motion, which was filed pursuant to Rule 60(b), A.R.Civ.P., for relief from the divorce decree of July 1987.
The husband filed his motion for relief under Rule 60(b) generally; however, he asserts that he has a right to relief from the court's decree under both Rule 60(b)(4) and Rule 60(b)(6). We note that Rule 60(b)(4) relief is applicable only in cases where the court rendering the prior judgment lacked jurisdiction over the subject matter, or over one or more of the parties, or otherwise acted in a manner inconsistent with due process. Smith v. Clark, 468 So.2d 138 (Ala. 1985). Moreover, a Rule 60(b)(4) motion to have a prior judgment set aside will be granted only where the prior judgment is void rather than voidable. Graham v. University Credit Union,411 So.2d 144 (Ala.Civ.App. 1982).
The husband contends that the 1987 divorce decree is void because, he says, in incorporating the property settlement provision into its decree, the trial court effectively entered a decree that was contrary to Alabama law and that it therefore lacked the jurisdiction to make. We disagree.
We note here that § 30-2-1, Ala. Code 1975, confers upon the circuit courts of this state the power to grant divorces. Additionally, prior case law in this jurisdiction *Page 1118 
indicates that trial courts have jurisdiction in circumstances like those in the instant case. In Steelman v. Steelman,512 So.2d 776 (Ala.Civ.App. 1987), the parties had voluntarily arrived at a property settlement involving the husband's military retirement pay, and the trial court had incorporated the agreement into the divorce decree. Thereafter, the husband sought relief, pursuant to Rule 60(b)(4), A.R.Civ.P., attacking the divorce decree, insofar as it incorporated the property settlement, as null and void. In affirming the lower court's denial of the husband's motion, we held that the record in the case failed to reveal any facts indicating that the trial court lacked either subject matter jurisdiction or personal jurisdiction at the time of the divorce decree.
Thus, it is clearly established in this state that the incorporation into a divorce decree of a property settlement dividing military retirement benefits does not affect the subject matter jurisdiction of the court that granted the divorce. Therefore, we find that the trial court had subject matter jurisdiction in the instant case. Furthermore, our review of the record also fails to disclose any evidence that the trial court acted in a manner inconsistent with due process or that it lacked personal jurisdiction over the parties. For these reasons we find that the divorce decree is not void and that the trial court was not in error when it denied the husband's motion for relief under Rule 60(b)(4).
The husband has also asserted that this case presents a situation that would entitle him to relief under Rule 60(b)(6). We disagree.
The essence of the husband's Rule 60(b)(6) motion is that the court's decree was contrary to state law and that its judgment should therefore be set aside. Rule 60(b)(6) authorizes setting aside a final judgment "for any other reason justifying relief," where the reason is not listed elsewhere under Rule 60(b). However, Rule 60(b)(6) is an extreme and powerful remedy and should be used only under extraordinary circumstances.Gallups v. United States Steel Corp., 353 So.2d 1169
(Ala.Civ.App. 1978). We find that such extraordinary circumstances do not exist in the instant case, nor were any suggested to us.
Furthermore, it is well settled that the broad power granted by Rule 60(b)(6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made.Espie v. Catholic Social Services, 528 So.2d 863
(Ala.Civ.App. 1988). While the husband argues that the divorce decree should be set aside because his consent to the subject property settlement was procured through fraud, we can find no evidence in the record indicating that he did not voluntarily and knowingly agree to the conditions of the settlement agreement and divorce decree. We also note here that Rule 60(b)(6) is not available as a substitute for an appeal and may not be used to relieve a party from failure to exercise the right of appeal.Nowlin v. Druid City Hospital Board, 475 So.2d 469 (Ala. 1985). Therefore, we find that the trial court did not err in denying the Rule 60(b)(6) motion.
If the divorce decree or the property settlement agreement is not found to be void, the husband contends that the subject settlement provision is nonetheless voidable. Because the portion of the trial court's order affirmatively requiring compliance with the divorce decree is not in accord with applicable case and statutory authority, he argues, the court erred to reversal. We disagree.
While it is undoubtedly true, as the husband says, that a spouse's military retirement benefits cannot involuntarily be made the basis of a property division in this state,Broadus, 470 So.2d 1239, the husband's argument ignores the fact that the divorce decree in the present case was based on the parties' prior property settlement agreement, which had been incorporated into the final decree. We can find no case law or authority in this state prohibiting a voluntary agreement, as opposed to a court award, that subjects military retirement benefits to a division as marital property between divorcing parties. In fact, the relevant case law suggests that this *Page 1119 
jurisdiction recognizes the validity of such voluntary agreements.
In Vainrib v. Downey, 565 So.2d 647 (Ala.Civ.App. 1990), we affirmed the trial court, which had denied the husband's petition to modify or clarify a final decree of divorce. As in the instant case, the divorce decree there had incorporated a settlement agreement providing that the wife receive a portion of the husband's military retirement benefits. Applying principles of contract law to the allegedly ambiguous terms of the settlement agreement, the trial court found that the provision dealing with the division of the husband's military benefits was a property settlement and that it was not subject to modification. In affirming the trial court in Vainrib, this court thereby recognized a court order requiring compliance with a divorce decree that had incorporated a voluntary property settlement dividing military benefits.
Because the outcome in Steelman, 512 So.2d 776 (noted above), rested upon whether the trial court had subject matter and personal jurisdiction, and not upon the lawfulness of the property settlement agreement, we declined at the time to address the specific issue we now find before us. We note, however, that this court has previously recognized the validity of voluntary agreements that contain provisions for the support of parties to a divorce and that have been incorporated into the final decree. See, e.g., Epperson v. Epperson,437 So.2d 571 (Ala.Civ.App. 1983).
In his brief, the husband argues that the goals of providing for retired military personnel and of meeting the personnel management needs of active military forces compel this court to overturn the trial court's recognition of the subject settlement agreement. However, Congress has allowed divorce courts to divide retirement pay under certain circumstances when permitted by state law. See the Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408 (West 1983). We conclude that the policy of promoting fair and amicable settlements of disputes between parties to a divorce is as compelling as the ends urged by the husband. Therefore, we hold that the prohibition against a court division of military benefits as marital property does not extend to voluntary property settlements arranged by the parties and thereafter incorporated by judicial decree. For these reasons, we find that the trial court did not err when it rendered a judgment denying the husband's motions for modification and relief and established an arrearage based on non-payment of military benefits to the wife. Further, we find that the trial court did not err when it ordered continued payment of the benefits by the husband as was provided in the divorce decree. The judgment below is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.