RICHARD L. HOLMES, Retired Appellate Judge.
This case involves a cause of action filed by Gene Reeves, d/b/a Gene Reeves Dodge Chrysler Plymouth, Inc. Reeves filed this cause of action, alleging that Jean C. Shubert and Glenn T. Shubert breached an installment contract for an automobile purchased in June 1991 from Reeves.
The Shuberts filed an answer, which provided in pertinent part “[t]hat there has been no affidavit filed with the complaint indicating that consumer credit regulations have been complied with.” The case proceeded to trial, and the trial court entered an order, finding that the Shuberts breached the contract and ordering them to pay $40,988.42 to Reeves.
The Shuberts appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). For the reasons set out below, we reverse and remand.
The dispositive issue is whether the trial court committed reversible error when it entered a judgment in this case, even though no consumer financing affidavit was *991 filed -with the complaint, as required by Ala. Code 1975, § 5-19-11.
Section 5-19-ll(a) provides in pertinent part that “[n]o creditor under this chapter shall bring an action on any consumer debt for collection, and no judgment by default or otherwise shall be entered until the creditor shall file an affidavit_” (Emphasis added.)
Ala.Code 1975, § 5-19-1(3), defines the term “creditor” as follows: “Such term refers only to creditors who regularly extend or arrange for the extension of credit for which the payment of a finance charge is required, whether in connection with loans, sales of property or services or otherwise.”
In the present case Reeves testified that while he had a contractual agreement with First National Bank (bank), through which he normally discounted the contracts executed by his customers for the purchase of automobiles, sometimes he would finance automobiles at his discretion. In fact, he financed the purchase of the automobile involved in this present case.
Therefore, Reeves falls within the definition of “creditor” as set out above because he regularly arranged for the extension of credit to individuals who purchased automobiles from his dealership and has, on occasion, extended credit to such individuals. In fact, as noted above, he financed the purchase of the automobile in this case. Consequently, Reeves must comply with the requirements of § 5-19-11.
In this case Reeves failed to file the required affidavit. In Welch v. G.F.C. Credit Corp., 336 So.2d 1346, 1348 (Ala.Civ.App.1976), this court stated:
“The creditor is prohibited from bringing suit without filing the required affidavit. If he should disregard the prohibition, the court is prohibited from entering judgment thereon until such affidavit is filed. In effect, the penalty upon the creditor for suing without the affidavit is that the court may not enter the judgment until it is filed. We consider the prohibition upon the court to be a limitation of its authority to exercise jurisdiction if not waived affirmatively. However, a judgment rendered without such affidavit, but with jurisdiction of the parties is not void but voidable.”
(Emphasis added.)
In view of the above, the trial court committed reversible error when it entered judgment in this ease because Reeves failed to file the required affidavit.
While the foregoing is dispositive of this case, we wish to comment on the remaining two issues raised by the Shuberts. First, they argue that the trial court committed reversible error when it allowed exhibits to be admitted into evidence without requiring a proper predicate and testimony from the custodian of the records. Our review of the record reveals that the custodian of the records did testify at the trial regarding these records.
In their final issue, the Shuberts contend that the trial court committed reversible error in entering a judgment in an improper amount. Our review of the record does not affirmatively demonstrate that the amount awarded was improper.
In view of the above, the judgment is reversed and the cause is remanded to the trial court for proceedings consistent with the foregoing opinion.
Reeves has requested an attorney’s fee for representation on appeal. That request is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.