# Sparks *v.* J. S. Reeves & Co. *et al.*

*Judgment by Default for Failing to Answer Interrogatories.*

(Decided Jan. 19, 1910. 51 South. 574.)

1. *Discovery; Interrogatories; Failure to Answer; Effect.*—Construing sections 1850, 1851, 1855, 1856, and 1858 Code 1896, and stating the facts in the case, the court holds that the judgment by default was properly entered for failure to answer the interrogatories propounded

2 *Same; Practice.*—The proper practice is for the party who is sought to be examined by interrogatories to answer within the specified time, such of the interrogatories as are pertinent, and do not tend to incriminate, and at the same time to file objection, setting forth the grounds to questions which are impertinent, or which would tend to criminate, if answered; and the fact that some of the interrogatories, if answered affirmatively, might have a criminating tendency or a tendency to show fraud of the party answering will not excuse for failure to answer other interrogatories.

3. *Judgment; Default; Failure to Answer Interrogatories.*—A judgment by default can be entered under the statute without a formal order dealing with demurrers to the complaint since the court had a right to disregard demurrers under the circumstances.

[Sparks v. J. S. Reeves & Co., et al.]

4. *Same; Proceedings to Take; Demurrers After Time.*—Under Local Acts 1898-9, section 7, p. 178, creating the Clay County Court, if a defendant fails for more than thirty days to plead or demur after service of process, he is in default, and at any such time thereafter, the court may, on motion of plaintiff, enter a default judgment without regard to demurrers filed after default.

5. *Same; Effect; Matters Admitted.*—Where default judgment has been properly entered the only matters to be inquired into is the amount of damages, and no evidence is permissible which goes to a defense against the judgment, or which would relieve the defendant entirely of liability.

6. *Same; Review; Discretion of Court.*—The refusal to set aside a judgment by default on motion of a defendant is within the sound discretion of the trial court, and will not be reviewed unless abused.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action by J. S. Reeves & Co. and another against J. W. Sparks. Judgment for plaintiffs, and defendant appeals. Affirmed.

The judgment entry recites, after reciting the facts of several continuances, that, the cause being set for November 15th, that day came the parties in person or by attorneys, and the court proceeded to hear the motion and application of the plaintiffs for a judgment against the defendant upon his failure to answer interrogatories propounded to him by the plaintiffs, as provided by section 1850, Code 1896. The defendant demurred to said motion, and assigned several grounds of demurrer, and, the same bing understood by the court, it is ordered and adjudged by the court that said demurrers be, and they are, hereby overruled. Thereupon the court proceeded to hear said motion, and it was shown to the court by legal evidence and the interrogatories on file that the plaintiffs in said cause did, on the 20th day of July, 1906, in this cause, through their attorney, Borden H. Burr, file with the clerk of this court interrogatories propounded to the defendant, J. W. Sparks, with an affidavit by the said Borden H. Burr that the

answer thereto would be material testimony for the
plaintiffs in the cause, and that he, the said Borden H.
Burr, was the attorney and authorized to make said
affidavit; and it being further shown by said interrog-
atories and by other good and sufficient evidence that
upon the filing of said interrogatories the clerk of this
court did issue a copy thereof, which was served upon
the defendant, J. W. Sparks, on the 24th day of July,
1906, more than 60 days before this date, and that the
sheriff indorsed upon the original interrogatories the
fact and manner and date of such service, and it further
appearing to the court that said defendant, J. W.
Sparks, after 60 days from the service of said interrog-
atories, has failed to file answers to said interrogatories
as required by law, and has filed no answer thereto up
to this date, and it being ordered and adjudged by this
court that said interrogatories as above set forth were
filed, and an affidavit was filed, and a copy of both of
the same was issued by the clerk and served by the sher-
iff more than 60 days before this date, in strict accord-
ance with the law and section 1851, Code 1896, and the
defendant has wholly failed to answer said interroga-
tories as required by section 1852, Code 1896, and has
wholly failed to file answers in 60 days after service of
copy as required by section 1856, Code 1896, it is there-
fore ordered, adjudged, and decreed by the court that a
judgment by default be entered in favor of the plaintiffs
and against the defendant, J. W. Sparks, etc.; the fol-
lowing being a writ of inquiry and the ascertainment of
the amount.  The motion for the judgment by default
sets up the facts recited in the judgment, and asks that
default be entered for failure to answer interrogatories
filed.

WALTER S. SMITH, for appellant.—On motion to dis-
miss the appeal counsel insist that the supersedeas and

[Sparks v. J. S. Reeves & Co., et al.]

appeal bond is set out in extenso in the record, and that that is all that is necessary.—*Walker v. Hunter,* 34 Ala. 205; *McCollum v. McCollum,* 33 Ala. 712; *Walker v. Francis,* 120 Ala. 518. On the merits counsel insist that the court erred in overruling defendant's motion to strike plaintiff's motion for default judgment, for the reason that demurrers were on file, and the court could not ignore them.—*Rhodes v. McFarland,* 43 Ala. 101; *White v. Whatley,* 128 Ala. 524; *McCain v. Street,* 136 Ala. 625; Acts 1898-9, p. 176. The court erred in overruling demurrers to plaintiff's motion for judgment by default.—*Saltmarsh v. Brewer,* 22 Ala. 221; *Grimes v. White,* 37 Ala. 549; *Cain L. Co. v. Standard. Co.,* 108 Ala. 346. Both the equity and the law protect a party against interrogatories which would tend to incriminate.—Section 1858, Code 1896; *L. & N. v. Hall,* 91 Ala. 112; 30 A. & E. Ency. of Law, 1155; *Ex parte Boscowitz,* 84 Ala. 463; *Goodwater Warehouse Co. v. Street,* 137 Ala. 621. Counsel discuss other errors assigned relative to the interrogatories but without citation of authority. The judgment by default could not be rendered while there was an appearance for the defendant, and demurrers on file.—*Griggs v. Gilmer,* 54 Ala. 425; *Washington County v. Porter,* 128 Ala. 281; *L. & N. v. Walker,* 128 Ala. 368; *Ex parte McLendon,* 33 Ala. 276. The court erred in refusing to permit testimony on the trial as to whether or not defendant was liable.—*Thomaston v. Lewis,* 103 Ala. 426; *Fuller v. Eames,* 108 Ala. 464.

KNOX, DIXON & BURR, for appellee.—An application for a new trial was pending when the appeal was taken, and the same should be dismissed.—*Iron Co. v. Fields,* 104 Ala. 471; *Barron v. Barron,* 122 Ala. 194; *Sup. Lodge v. Thomas,* 130 Ala.275. The court did not err

in granting judgment by default because of the fact that demurrers were on file.—*Austin v. Graves,* 6 Ala. 174; *Allen v. Lathrop L. Co.,* 90 Ala. 490. The defendant should have answered the interrogatories that were pertinent and have filed objections to those that were objectionable.—14 Cyc. 363; Sec. 1852, Code 1896. Having failed to answer it was within the discretion of the court whether he would grant a judgment by default. —*Goodwyn v. Harrison,* 6 Ala. 434; *Ex parte McLendon,* 33 Ala. 276; *Culver v. Ala. Mid.,* 108 Ala. 330 and authorities supra. Judgment by default having been rendered, the only matter to be determined was as to the amount of the damages, and no evidence going to relieve the defendant from liability or to defend against the judgment was admissible.—*Ewing v. Peck,* 17 Ala. 339; *Curry v. Wilson,* 48 Ala. 638; *Dunlap v. Horton,* 49 Ala. 412. Counsel discuss the interrogatories relative to their incriminating tendencies, and cite authorities thereon. They also cite authorities to show that the complaint stated a good cause of action.

MAYFIELD, J.—This appeal is from a judgment by default, rendered in response to a motion, for failure on the part of the defendant, appellant here; to answer interrogatories propounded to him under the statute. Sections 1850-1858, Code 1896. The judgment entry ascertains and sets forth all the jurisdictional facts necessary to support the judgment.—*Goodwater Co. v. Street,* 137 Ala. 621, 34 South. 903.

The first three assignments of error relate to the action of the court in overruling defendant's demurrers to the motion for judgment by default and in denying defendant's motion to strike that motion. The demurrers and the motion to strike proceed largely upon the same grounds. If either method is the proper way to reach the end aimed at, a question not necessary

[Sparks v. J. S. Reeves & Co., et al.]

to be here decided, it is sufficient to say that the motion for judgment by default was not subject to any of the grounds assigned thereto by the demurrers or motion to strike.

An examination of the interrogatories discloses that they are for the most part relevant and pertinent to the case made by the complaint. Some of them, if answered, might have a criminating tendency, or, at least, a tendency to show fraud upon part of defendant in reference to obtaining the goods. This fact does not, under the statute, excuse him from answering such as were pertinent and had no such tendency. By a refusal to answer any, or a failure, for that matter, to answer at all, defendant was in default. The better practice would seem to be, and the intention of the statute (Code, § 1858) is, that within the time allowed such interrogatories as are pertinent and do not tend to criminate should be answered; and at the same time objections, properly setting forth the grounds, should be filed to such questions as are impertinent or as tend to criminate. Whether they are such is a matter that addresses itself to the court, and not to the party.—*Calhoun v. Thompson,* 56 Ala. 166, 28 Am. Rep. 754; *L. & N. R. R. Co. v. Hall,* 91 Ala. 118, 8 South. 371, 24 Am. St. Rep. 863; *So. Ry. Co. v. Bush,* 122 Ala. 472, 26 South. 168.

The appellant also insists that the court erred in refusing, during its hearing on the motion for judgment by default for failure to answer interrogatories, to pass upon the demurrers going to the original complaint. While it appears from the judgment entry and by the bill of exceptions that the court did decline to hear and determine the demurrers to the original complaint, it must be remembered that this appeal is not from a judgment by default for want of a plea or demurrer.

This court has held that the statute under which the court was proceeding authorizes the court to disregard pleas, without any formal order setting them aside, just as if no pleas had been filed.—*Allen v. Lathrop-Hatton Lumber Co.*, 90 Ala. 490, 8 South. 129. The defendant was in default when filing these demurrers, and for this reason the court could have disregarded them.—Loc. Acts, 1898-99, pp. 176-182.

Other assignments of error go to the admission and rejection of certain testimony on the execution of the writ of inquiry. It seems that after judgment by default, as in this case, the only question to be inquired into is as to the amount of damages. No evidence could be introduced which went to the defense of the judgment, or which would relieve defendant entirely of liability.—*Ewing v. Peck*, 17 Ala. 339; *Curry v. Wilson*, 48 Ala. 638; *Dunlap v. Horton*, 49 Ala. 412; *Washington Co. v. Porter*, 128 Ala. 278, 29 South. 185. The evidence allowed to be introduced comes within the first principle above announced, and that excluded falls within the other principle declared.

The other assignments complain of the granting of the judgment by default, and the refusal of the court to set it aside, on motion of defendant. Both of these matters are within the discretion of the trial court, and, unless abused, are not revisable upon appeal.—*Goodwin, etc., v. Harrison*, 6 Ala. 438; *Pool v. Harrison*, 18 Ala. 54.

We find no error in the record, and the judgment of the lower court is affirmed.

The opinion in this case was prepared by Justice Haralson, and has been adopted by the court.

Affirmed.

DOWDELL, C. J. and SIMPSON and MCCLELLAN, JJ., concur.