(85 South. 878)

Ex parte FRENKEL. (1 Div. 599.)

(Court of Appeals of Alabama. June 30, 1920.)

1. WITNESSES ⬦297—INTERROGATORIES AS TO DRINKS CHAUFFEUR HAD HELD TO BE INCRIMINATORY.

In action for personal injuries from negligent operation of automobile, interrogatories propounded to defendant under Code 1907, § 4049, as to how many drinks he had, what he had been drinking, and what quantity he consumed, might tend to incriminate defendant, and he could refuse to answer them, since the mere possession of even a small quantity of liquor was an offense.

2. WITNESSES ⬦305(1)—PRIVILEGE OF REFUSING TO ANSWER INTERROGATORIES BECAUSE INCRIMINATORY IS PERSONAL.

The privilege of refusing to answer interrogatories to defendant in personal injury case because answer would tend to incriminate him is personal, and may be waived.

3. MANDAMUS ⬦26—DOES NOT LIE TO CONTROL JUDICIAL ACTION.

Mandamus does not lie to control judicial action; it never issues to direct a judicial officer how to act or what conclusion to reach on a judicial question, but only to compel some action when a matter is presented for decision before an officer charged in that regard and he refuses to hear and determine it.

4. MANDAMUS ⬦40—DOES NOT LIE TO RESCIND AN ORDER TO COMPEL ANSWER TO INTERROGATORIES, THOUGH ANSWER MIGHT INCRIMINATE.

Where interrogatories to defendant in personal injury were not answered fully, and plaintiff moved for attachment to compel answer, which motion was refused conditionally on full answer being made, mandamus does not lie to compel judge to rescind the order, though full answers might incriminate defendant, as court cannot presume that trial judge will render a decision in conflict with the law.

J. H. Nelson sued Sidney Frenkel for damages for injuries arising out of the negligent operation of an automobile, and propounded certain interrogatories, as appears from the opinion of the court, and being dissatisfied with the answers thereto, or the failure of Frenkel to answer some of them, asked for an attachment to compel Frenkel to fully answer. In response to the motion Judge Saffold Berney, the judge who presided at the trial, entered the order which appears in the opinion. Frenkel now seeks mandamus to compel the judge to rescind or modify said order. Writ denied.

Clarke, Brown & Kohn, of Mobile, for appellant.

Under the constitutional provision, and the provisions of section 4057, Code 1907, petitioner was clearly not required to answer the questions, and the court was in error in entering the conditional order. 83 Ala. 36, 3 South. 319; 84 Ala. 463, 4 South. 279, 5 Am. St. Rep. 384.

Inge & Kilborn, of Mobile, for appellee.

The writ should not be granted, for the following reasons: (1) The motion was not granted, but was refused; (2) the claim of exemption is a personal one, and his reasons for not answering the interrogatories or his objections thereto, should have been embodied in his answer. 165 Ala. 352, 51 South. 574; 154 Ala. 634, 45 South. 665, 129 Am. St. Rep. 71. The defendant's remedy is by appeal, and not by mandamus. 130 Ala. 171, 30 South. 385.

SAMFORD, J. Petitioner is the defendant in a suit in the circuit court of Mobile county, claiming damages for the negligent operation of an automobile. Plaintiff in that suit propounded interrogatories to defendant under Code 1907, § 4049. Among the interrogatories propounded were the following:

"(4) Is it not a fact that you were intoxicated at the time? Is it not a fact that you were under the influence of liquor at the time? How many drinks had you had that night, and to what extent were you intoxicated? Whom had you been drinking with, and what had you been drinking? What kind of intoxicating liquors or beverages had you been drinking, and what quantity had you consumed?"

To which he answered:

"(4) I was not intoxicated at the time. I was not under the influence of liquor at the time."

The plaintiff, not being satisfied with the answer, moved for an attachment, that the defendant might be compelled to answer fully in open court the following questions:

"How many drinks had you had that night, and to what extent were you intoxicated? Whom had you been drinking with, and what had you been drinking? What kind of intoxicating beverages had you been drinking and what quantity had you consumed?"

Upon the hearing of the motion, the trial judge entered the following order:

"It is ordered and adjudged by the court that the plaintiff's said motion, filed May 31, 1920, be and the same is hereby refused, on condition that the defendant answer fully within ten days the said interrogatories, and on failure of defendant to answer fully plaintiff is allowed to renew said motion."

[1, 2] The defendant's objections to answering the interrogatories, as stated to the court by his counsel, were that the answers might tend to incriminate him. As to what extent defendant was intoxicated had already been fully answered by him. As to whom he was drinking with was entirely immaterial. The remaining questions called

for answers that might have tended to subject defendant to criminal prosecution, and therefore it was the right of the defendant to refuse to answer them. Ex parte Boscowitz, 84 Ala. 463, 4 South. 279, 5 Am. St. Rep. 384. Under our laws the mere possession of spirituous liquors, it matters not how small the quantity, subjects the possessor to a criminal prosecution, and upon timely objection the court will not require, an answer. But the privilege is personal, and may be waived and is waived unless presented by the party or his duly constituted authority. But we do not understand that the suggested procedure in Sparks v. J. S. Reeves & Co., 165 Ala. 352, 51 South. 574, lays down an inflexible rule to be followed in all cases. In that case there was no answer at all, while in this case the defendant answered all of the questions pertinent to the issues involved and that did not subject him to a criminal prosecution. We cannot think that the Supreme Court, in the Sparks Case, supra, intended to limit or circumscribe the defendant's rights under the Constitution and under Code 1907, § 4057, so as to preclude him from claiming these rights when being proceeded against by attachment or otherwise. Perhaps, as there stated, "it would be the better practice;" but the defendant might think that his interest required him to answer the pertinent questions and omit the others, which the statute did not require him to answer, assuming the burden of the decision.

The next question is: Will the petition for mandamus lie in this case? It is urged by respondent that the order of the trial court was a denial of the motion of plaintiff, and therefore he had nothing of which to complain. On the other hand, petitioner claims that the conditions attached and the permission to revive the motion, if those conditions are not complied with, amount to an adjudication against him, for which he has no adequate remedy by appeal or otherwise than by this writ.

[3, 4] It is elementary law that—

Mandamus "does not lie to control judicial action; it never issues to direct a judicial officer how to act, or what conclusion to reach upon a judicial question, but only to compel some action when a matter is presented for decision before an officer charged in that regard and he refuses to hear and determine it." Ex parte Watters et al., 180 Ala. 523, 61 South. 904.

Before the defendant can be required to answer further other proceedings must be instituted, at which time he will have opportunity to be heard, and a judicial decision rendered, based upon the law and facts as then adduced.

The exemption from being required to answer, as we have seen, is personal; if prop-

erly presented, this court cannot presume that the trial court will render a decision in conflict with the law.

The petition for mandamus is denied.

Writ denied.