Paul White petitions for a writ of mandamus directing Judge William R. Gordon of the Circuit Court of Montgomery County to vacate his order of January 9, 1989, denying White's motion to stay civil proceedings against him and requiring him to respond to interrogatories and requests for production. We grant the writ.
The cases arise out of an automobile collision that occurred on the night of February 8, or on the morning of February 9, 1988. The plaintiffs, Daniel and Vivian Patterson, alleged that the defendant, Paul White, drove a motor vehicle into their home and caused personal injury and property damage. The complaints allege that White was intoxicated at the time of the accident.
The police accident report regarding the incident contains a blank space for the name of the driver, and states: "Driver left the scene in an unknown direction." White is a defendant in a criminal proceeding arising out of the accident, the Montgomery County grand jury having returned an indictment against him on August 5, 1988. The indictment charged White with leaving the scene of an accident in which he was involved, failing to render assistance to a victim of the accident, driving recklessly, and driving under the influence of alcohol or a controlled substance.
The Pattersons each filed a civil complaint against White on September 2, 1988, along with interrogatories and requests for production directed to him. White did not respond to or object to the discovery requests within 45 days after they were served. On November 14, 1988, the 65th day following service, the Pattersons filed motions to compel White to answer the interrogatories and to respond to the requests for production.
The circuit court entered an order on November 22, 1988, compelling White to answer the interrogatories and respond to *Page 924 
the requests for production within ten days. White failed to respond to or object to the discovery requests within ten days of the order. On December 9, 1988, he filed a motion to stay the proceedings and a motion to reconsider the order granting the Pattersons' motions to compel, on the ground that the discovery requests violated his privilege against self-incrimination. White filed answers to the interrogatories on January 4, 1989, and raised the Fifth Amendment privilege as to the questions that were potentially incriminating. On January 9, 1989, the trial court ruled that White had waived his Fifth Amendment privilege against self-incrimination; it denied his motion to stay the proceeding, and ordered him to respond to the Pattersons' discovery requests by January 16, 1989.
In his petition for writ of mandamus, White argues that his constitutional protection against self-incrimination cannot be waived merely by failing to file objections or responses to civil interrogatories within the time allowed by the Alabama Rules of Civil Procedure. He maintains that only byresponding to the discovery requests could he have waived the privilege, and that he has taken no affirmative action that would constitute a waiver of his Fifth Amendment rights. White relies on Ex parte Baugh, 530 So.2d 238 (Ala. 1988), wherein we recently held that the Fifth Amendment protected the petitioner in that case from being compelled to incriminate herself in a deposition in a civil proceeding. White contends that his case is analogous to Baugh, and that we therefore should stay the Pattersons' civil suits against him until the criminal proceedings are concluded.
The Pattersons argue that White waived the privilege against self-incrimination by failing to assert it in a timely manner. They point out that White not only failed to file answers or objections to their interrogatories within the prescribed time, and failed to respond to their motion to compel discovery, but also failed to comply with the court order compelling him to respond to their discovery requests. The Pattersons direct our attention to Sparks v. J.S. Reeves Co., 165 Ala. 352,51 So. 574 (1910), in which this Court affirmed a default judgment that had been entered because the defendant had failed to answer interrogatories. The defendant argued that the default judgment should be reversed because, he said, he could not answer the interrogatories without incriminating himself. The Court held:
 "By a refusal to answer any, or a failure, for that matter, to answer at all, defendant was in default. The better practice would seem to be, and the intention of the statute (Code [1896], § 1858) is, that within the time allowed such interrogatories as are pertinent and do not tend to criminate should be answered; and at the same time objections, properly setting forth the grounds, should be filed to such questions as are impertinent or as tend to criminate."
Sparks, 165 Ala. at 357, 51 So. at 575. The Pattersons contend that Sparks governs this case, and that White waived his privilege against self-incrimination by failing to assert it at the proper time. They argue further that the Alabama Rules of Civil Procedure afford the trial court broad power to control the use of discovery, and that the trial court's order was proper because the choice of sanctions to be imposed when a party does not comply with discovery "is largely within the discretion of the trial court, and this choice will not be disturbed on appeal absent a gross abuse of discretion."Deaton, Inc. v. Burroughs, 456 So.2d 771, 778-79 (Ala. 1984).
The "gross abuse" test of Deaton implies that if the trial judge only moderately abuses his discretion, his sanctions will be upheld. Such a standard invites abuse by the trial judge. This Court agrees that without sanctions, trial judges would be unable to force compliance with discovery requests. But when state concerns for judicial economy conflict with federal constitutional rights, the state concerns must give way. Otherwise, individuals would be forced to choose between a constitutional right and a potential loss in a state matter. Such a choice turns a right into an option. Constitutional rights are an individual's property and they do not come with chains or baggage. Therefore, an individual may *Page 925 
not be forced into the untenable position of having to pay a price in order to assert what is constitutionally guaranteed.
In Baugh, this Court addressed a situation very similar to this case. Deborah J. Baugh failed to appear for her deposition to be taken, and, instead, invoked her privilege against self-incrimination in light of a possible grand jury investigation against her. The opposing party maintained that Baugh waived her privilege against self-incrimination by failing to appear at the deposition. We addressed that argument as follows: "There being no disclosure of a fact or transaction, . . . Baugh cannot be deemed to have waived the privilege." 530 So.2d at 240, n. 3. The broad discretion of the trial court to enforce discovery does not encompass denying a party the constitutional protection against self-incrimination. "These state-court procedural considerations must at all times yield . . . to relevant constitutional principles."530 So.2d at 242. Without a retreat of the state court considerations, the petitioner is forced to choose between his due process right to a resolution of the civil matter and his constitutional right against compulsory self-incrimination. " 'The Supreme Court has disapproved of procedures which require a party to surrender one constitutional right in order to assert another.' " Baugh at 242, quoting Wehling v. ColumbiaBroadcasting System, 608 F.2d 1084, 1087 (5th Cir. 1979)
This test for waiver is consistent with decisions from other jurisdictions. For example, in Mueller v. District Court,199 Colo. 430, 610 P.2d 104, 105-06 (1980), the Supreme Court of Colorado held that "the failure to make a timely objection to interrogatories or requests to produce documents did not constitute a waiver of the constitutional privilege against self-incrimination. . . . Such a waiver must be knowingly, intelligently, and voluntarily made." (Emphasis original.) The Supreme Judicial Court of Maine ruled in Huot v. Gendron,284 A.2d 899, 901 (Me. 1971), that "failure to file timely objection does not constitute a waiver of the privilege against self-incrimination." In Golding v. Taylor, 19 N.C. App. 245,248, 198 S.E.2d 478, 480 (1973), the North Carolina Court of Appeals stated:
 "While we agree that ordinarily, in the absence of an extension of time, failure to object to interrogatories within the time fixed by the rule is a waiver of any objection, we hold that this principle must yield to the privilege against self-incrimination guaranteed by the Fifth Amendment to the Federal Constitution."
In the case before us, White raised the Fifth Amendment privilege as to the questions that were potentially incriminating, on January 4, 1989, when he filed answers to the Pattersons' interrogatories. By failing to respond to the discovery requests and to comply with the order compelling discovery, White violated the Alabama Rules of Civil Procedure. However, his violation of the Rules of Civil Procedure does not constitute a waiver of his Fifth Amendment privilege against self-incrimination.
Having found that White did not waive his Fifth Amendment privilege against self-incrimination, we now address whether that privilege requires that the Pattersons' civil actions against White be stayed until the criminal process against him is completed. In Baugh, we applied a balancing test formulated in Afro-Lecon, Inc. v. United States, 820 F.2d 1198 (Fed. Cir. 1987). That balancing-of-interests test is applicable here. Weighing White's interest in postponing the civil actions against the prejudice that might result to the Pattersons because of the delay, we are compelled to postpone them. This solution is the only method of guaranteeing White's Fifth Amendment privilege.
We conclude that it was an abuse of discretion for the trial court to compel White to comply with the Pattersons' discovery requests and to deny his motion to stay the proceedings. Accordingly, we grant the writ of mandamus and instruct Judge William Gordon to vacate his January 9, 1989, order, which compelled White to respond to the Pattersons' discovery requests, *Page 926 
and to enter an appropriate protective order consistent with this opinion.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.