This petition for a writ of mandamus requests a stay of discovery and all proceedings before the circuit judge in a civil action in which the petitioners are defendants. A related criminal prosecution against the individual petitioners is pending, and the individual petitioners contend that their privilege against self-incrimination will be violated unless this Court grants the relief requested. U.S. Const., amend. V; Ala. Const. 1901, art. I, § 6.
In 1989, Jan Panky Daniel was the managing agent and her husband Jack Daniel was the majority stockholder and president of Great Escapes Travel, Inc., a licensed travel agency. On September 22, 1989, Nancy Hecker filed a civil action against the petitioners. At its April 1990 term, the Madison County grand jury returned an indictment against the Daniels for theft of currency in excess of $1000 from Mrs. Hecker.
Mrs. Hecker's complaint alleges the following: In September 1988, she presented to Mrs. Daniel a proposal for a group trip to Italy to take place in September 1989, and Mrs. Daniel agreed for Mrs. Hecker to act as agent for Great Escapes in arranging the tour. Mrs. Hecker booked a number of participants for the tour, received their payments, and deposited the money into a bank account that she and Mrs. Daniel had opened. She made similar arrangements for a December 1989 tour to New York City. By July 1989 the tour participants for both tours had fully paid, and there was more than $57,000 in the account. By threatening to withhold Great Escapes' ticketing services, Mrs. Daniel forced Mrs. Hecker to relinquish control of the bank account. When the time came in August 1989 to pay the airline and the provider of a ground tour in Italy, Great Escapes refused to pay. Mrs. Hecker paid these items, totalling more than $50,000, from her personal funds.
In answer to Mrs. Hecker's complaint, the petitioners filed a general denial. Apparently, they later filed a counterclaim, but it is not included in the materials presented on this petition. They also filed, on June 15, 1990, a third-party complaint against Trans World Airlines, Inc. ("TWA"). On June 27, 1990, the petitioners filed a motion to stay the proceedings, based on their privilege against self-incrimination. They state that the trial court denied their motion to stay on August 13, 1990, but the exhibits attached to the petition do not reflect that an order denying the motion was entered. On August 9, counsel for TWA filed notices of taking the depositions of Great Escapes[1] and the Daniels on August 15. Trial was scheduled for August 27. On August 10, the petitioners filed a motion to stay the taking of depositions, but the trial court denied that motion on August 13. The petitioners filed this petition on August 14, and, on August 15, this Court stayed the trial court proceedings and ordered answers and briefs.
In answer to the petitioners' arguments that the trial court's refusal to stay the *Page 280 
proceedings violates their privilege against self-incrimination, Mrs. Hecker and TWA make several arguments. Mrs. Hecker argues that the writ of mandamus should not issue because, she argues, (1) the trial court has not abused its discretion, (2) the petitioners have waived their privilege by participating in previous discovery, and (3) the trial court has not ordered the petitioners to answer all questions regardless of the incriminating effect, as she says the trial courts had done in similar cases where this Court has issued writs of mandamus. TWA argues similar points and also argues that Great Escapes has no Fifth Amendment privilege and therefore cannot object to the production of corporate documents;[2] that the Daniels have improperly asserted a blanket privilege against testimony instead of objections to specific questions, as TWA says the cases have required; and that the petitioners should not be allowed to assert a claim against TWA shortly before trial is scheduled and then refuse to participate in discovery.
This Court has decided similar cases in Ex parte White,551 So.2d 923 (Ala. 1989), and Ex parte Baugh, 530 So.2d 238
(Ala. 1988). In both cases, the Court granted relief to petitioners seeking stays during the pendency of related criminal prosecutions against them. As Mrs. Hecker and TWA correctly say, the trial courts in those cases had ordered Baugh and White to answer specific questions as to which they had raised their privilege against self-incrimination. The fact that the Daniels have not raised the privilege as to specific questions is not dispositive, however; this Court stayed all
proceedings in both Baugh and White pending the criminal prosecutions. A party might make a clearer showing of potential self-incrimination by objecting to particular questions, but there is no doubt from the facts presented on this petition that most of the material facts in this civil action would also be material and potentially incriminating in the criminal prosecution.
On the other hand, the respondents' argument that the Daniels have waived the privilege presents a compelling reason why the writ should not issue. Counsel for Mrs. Hecker deposed both Mr. and Mrs. Daniel, apparently before the indictment issued. They argue that TWA cannot now depose them because, they say, they did not waive their privilege by giving the earlier deposition and they did not know at the time of the earlier depositions that an indictment would issue; therefore, they say, by giving those depositions, they could not have been making a "knowing, intelligent, and voluntary" waiver of the privilege. See Exparte White, supra, at 925. They state that they had no way of knowing that criminal charges might issue and were without notice of that possibility until they were arrested on May 23, 1990.
The pendency of criminal charges is not necessary to the assertion of the privilege:
 "If a party reasonably apprehends a risk of self-incrimination, he may claim the Fifth Amendment privilege although no criminal charges are pending against him and even if the risk of prosecution is remote."
Ex parte Baugh, supra, at 240, n. 2, citing Wehling v. ColumbiaBroadcasting System, 608 F.2d 1084 (5th Cir. 1979).
We cannot evaluate the Daniels' claim that they were without notice of the possibility of criminal charges without having the depositions before us. If their testimony was so obviously incriminating that a reasonable person would recognize that to give such testimony would be incriminating, that testimony might well constitute a waiver of the privilege. On the other hand, if the testimony was not incriminating, no waiver occurred. Furthermore, any waiver would extend only to the matters brought out in that testimony. For a good discussion of the law on "whether there has been a waiver, and to what extent," in such circumstances, see Femia v. McLaughlin,126 F.R.D. 426, 430 (D.Mass. 1989). *Page 281 
Because the depositions are not before us, we are not in a position to grant the petition. Upon the lifting of our temporary stay of proceedings, the trial court should consider the effect of the depositions that have been given in light of the cases cited herein and determine whether a waiver has occurred and whether the action should proceed.
WRIT DENIED; STAY LIFTED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] The notice did not name any officer or agent as the proposed deponent.
[2] The Daniels respond to this argument by saying that they, as principal stockholders and officers of Great Escape, are entitled to object to the production of the corporate records. In view of the posture of this case, discussed infra, we need not address this issue.