KENNEDY, Justice.
Walter J. Price, Jr., seeks a writ of mandamus compelling Judge Joseph Battle of the Circuit Court of Madison County to vacate his order of March 25, 1997, denying Price’s request for a stay of civil proceedings against him pending the resolution of criminal investigations into his activities regarding the administration of estates. We deny the writ.
This matter arises out of legal work that Price, formerly an attorney in private practice, had performed for Martha Jo Mahaffey, the executrix of the estate of Martha Jo Sanders, deceased. Mahaffey sued Price, alleging legal malpractice related to advice he had given her with respect to the estate.
Price is the target of ongoing criminal investigations related to his handling of estate moneys. He argues that if discovery proceeds in Mahaffey’s civil action he will have to elect between exercising his Fifth Amendment right not to incriminate himself, and fully defending himself against Mahaf-fey’s civil claims.[1]
For the writ of mandamus to issue, the petitioner must show, among other things, “a clear legal right ... to the order sought.” Ex parte Bloodsaw, 648 So.2d 553, 554 (Ala.1994). Nothing before us indicates that Mahaffey’s malpractice case — which is premised solely on an allegation of bad advice — could pose any potential for incriminating Price. Accordingly, Price has not shown a “clear legal right ... to the order sought.”
WRIT DENIED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, COOK, and SEE, JJ., concur.

. For a discussion of this privilege in the context of postponements in civil actions, see Ex parte White, 551 So.2d 923 (Ala.1989), and Ex parte Coastal Training Institute, 583 So.2d 979 (Ala.1991).