This petition for a writ of mandamus arises out of a pending civil action. The issue presented is whether, considering the protections against self-incrimination guaranteed by theFifth Amendment to the United States Constitution, the trial court abused its discretion in denying the petitioner's request for a protective order while there is a possibility of a criminal action being brought against him arising out of the same circumstances that gave rise to this civil action.
The underlying action arises out of an administration of a number of probate estates in Madison County by Walter J. Price, Jr., the county administrator. Among those estates was that of Joe Thomas Robinson, whose sole heir was Lyndell L. Robinson. In July 1996, Lyndell L. Robinson sued Price, alleging that Price had converted estate assets to his own use.
At some point before December 16, 1996, Price apparently became aware that he was the target of a criminal investigation being conducted by the Federal Bureau of Investigation in conjunction with the office of the United States attorney for the Northern District of Alabama. On that date, he moved for a stay of the civil proceedings against him, claiming that allowing the Robinson action to *Page 1106 
proceed would force him to choose between exercising hisFifth Amendment right against self-incrimination and fully defending himself in the civil action. The trial judge denied that motion.
Price subsequently petitioned this Court for a writ of mandamus directing the trial court to stay the civil proceedings, but this Court, on June 13, 1997, denied that petition, holding that the action could proceed in some limited ways without abridging Price's Fifth Amendment right. Ex partePrice, 698 So.2d 111 (Ala. 1997). It appears that in July 1997 Price was charged by the United States attorney for the Northern District of Alabama with defrauding one of the estates he had administered.
On May 9, 1997, Price was indicted by a Madison County grand jury on four counts of first-degree theft. The indictment charged that Price had stolen money from four of the estates he had administered. The Robinson estate was not one of those four. In a hearing in the criminal case, case no. CC-97-1072, before Judge Joseph L. Battle, on August 4, 1997, Assistant District Attorney James R. Accardi stated that it was possible that further state grand jury indictments could result from the continuing investigation of Price's administration of estates.
In our denial of Price's first petition for a writ of mandamus, we held that "discovery not requiring Price either to testify or to produce documents could continue without putting Price in a position that might call for him to incriminate himself in order to comply." Ex parte Price, supra, 698 So.2d at 112.
After this Court denied the writ of mandamus, the trial court set the civil action for trial. Robinson subsequently sought to take Price's deposition. On August 5, 1997, Price filed a motion asking the trial court to quash the deposition notice and to issue a protective order that would prevent his deposition from being taken until the ongoing state and federal criminal investigations were resolved. Judge Battle denied that motion, stating that Price could assert his Fifth Amendment privilege as to individual questions as they were put to him during a deposition. Price then filed this petition for a writ of mandamus, asking this Court to compel Judge Battle to issue such a protective order.
It is well established that the writ of mandamus is an extraordinary measure. Granting a writ of mandamus is appropriate "where: there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc.,586 So.2d 889, 891 (Ala. 1991).
We have previously noted that the Fifth Amendment right against self-incrimination applies in civil proceedings. Exparte Coastal Training Institute, 583 So.2d 979, 980
(Ala. 1991). Similarly, we have held: "[t]he pendency of criminal charges is not necessary to the assertion of the privilege. It is a general rule that [one] need not be indicted to properly claim the Fifth Amendment privilege." Id. at 981. A party may claim a Fifth Amendment privilege if he or she "reasonably apprehends a risk of self-incrimination." Id., quoting Ex parte Baugh, 530 So.2d 238, 240 n. 2 (Ala. 1988). To determine whether a stay or protective order should issue in such circumstances, the trial court must weigh the movant's interest in postponing the civil action against the prejudice that may result to the other party because of delay. Ex parteWhite, 551 So.2d 923 (Ala. 1989).
We believe that Price has shown a risk of substantial injury. The criminal investigations into his administration of estates are ongoing. The assistant district attorney stated to the trial court that it was possible that Price may face additional indictments growing out of the state investigation. Price faces trial in both state and federal courts for crimes arising out of his administration of certain estates in Madison County. To require Price, under those conditions, to be deposed or to turn over documents would force upon him the choice of asserting hisFifth Amendment right or participating fully in his defense in the civil case. The countervailing harm to Robinson of delay in the civil proceedings has not been addressed by either *Page 1107 
Price or the trial judge in their briefs, but Price'sFifth Amendment right and the substantial harm he is likely to suffer if he is required to undergo a deposition, we believe, requires us to apply the principle of law that "we must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding."Coastal Training, 583 So.2d at 981.
To argue that Price can simply assert his Fifth Amendment right to remain silent when asked specific questions during a deposition, and that the deposition should therefore be allowed, is to construe the Fifth Amendment too narrowly. This Court has previously pointed out the potential dangers of that narrow interpretation. They include the potential "surreptitious planting of criminal investigators in civil depositions" and the possibility that information revealed in the deposition may in a later criminal action provide a "link in the chain of evidence" against the deponent. CoastalTraining at 981.
Weighing the interests of the parties upon our review of the facts of this case, we conclude that Price has shown sufficient justification for a protective order and that the necessary elements for the issuance of a writ of mandamus are met. Accordingly, we hold that the trial court abused its discretion in denying such an order. We therefore grant the petition for the writ of mandamus and direct the trial court (1) to vacate its order denying Price's motion for an order quashing the deposition notice and for a protective order, and (2) to enter an appropriate protective order consistent with this opinion.
WRIT GRANTED.
HOOPER, C.J., and SHORES, KENNEDY, and SEE, JJ., concur.