Andrew M. Williams is the defendant in a pending civil action. He is also under investigation for possible criminal activity arising out of the same transactions as the civil action. He moved for a stay of the civil proceedings for the time while he is under criminal investigation. The trial judge denied Williams's motion to stay the civil action, apparently on the ground that no criminal charges were then pending against him. Williams has petitioned for a writ of mandamus directing the trial court to stay proceedings in the civil action pending the outcome of the criminal investigation. The central question presented by this petition is whether, given the principles of the Fifth Amendment privilege against self-incrimination, the trial court abused its discretion in denying the motion for a stay of proceedings in the civil action. This question is strikingly similar to the one presented in Ex parte Coastal TrainingInstitute, 583 So.2d 979 (Ala. 1991), where this Court held that a party in a civil proceeding may assert his Fifth Amendment privilege against self-incrimination even if no criminal charges are pending against him.
We conclude that the principles of law applied in Ex parteCoastal Training Institute are applicable also to the facts of this present case. Therefore, we hold that the trial court abused its discretion in denying the stay. We grant the petition and issue the writ. *Page 147 
The civil action against Williams arises out of his sale of promissory notes to 12 individuals. The 12 individuals filed the civil action against Williams on June 22, 1999, stating claims alleging: (1) money had and received by Williams; (2) money due by promissory notes; and (3) common-law fraud. On June 25, 1999, the Alabama Securities Commission issued an order requiring Williams to "cease and desist" offering or selling any security "into, within or from the State of Alabama." In the order, the Securities Commission concluded that Williams had violated various provisions of the Alabama Securities Act, § 8-6-1 et seq., Ala. Code 1975, by selling the promissory notes to the 12 individuals. Williams was also arrested by the Daphne Police Department and charged with first-degree theft of property in relation to these transactions.
On July 24, 1999, Williams moved to stay proceedings in the civil action pending the outcome of an ongoing criminal investigation. Following a hearing on September 24, 1999, the trial court denied Williams's motion; Williams filed this mandamus petition on October 12, 1999.
The plaintiffs in the civil action, as respondents in regard to Williams's mandamus petition, contend that Williams is not entitled to a stay because, they say, he has "offered no subpoena or document of any kind evidencing an ongoing criminal investigation." The respondents also assert that Williams's Fifth Amendment privilege against self-incrimination is in no danger of being waived or lost if the civil action is allowed to proceed. They argue that "[i]f [Williams's] deposition is scheduled, and he feels a question may infringe upon his Fifth Amendment privilege, he may assert it at that time." Williams counters that argument by saying that this Court, in Ex parte Coastal Training Institute, established a precedent that controls this case. We agree with Williams.
In granting the petition, we recognize the principle of law — set out in many of this Court's opinions — that a writ of mandamus provides extraordinary relief and that one petitioning for a writ of mandamus must show: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. See Ex parte Conference America, Inc., 713 So.2d 953,955 (Ala. 1998) (citing Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989)).
In Ex parte Coastal Training Institute, this Court addressed issues substantially similar to the issues presented by Williams's petition. Our holdings in Ex parte Coastal Training Institute
control the disposition of this case. In that case, this Court noted that the Fifth Amendment right against self-incrimination applies in civil proceedings. 583 So.2d at 980. This Court also held: "[T]he pendency of criminal charges is not necessary to the assertion of the privilege. It is a general rule that [one] need not be indicted to properly claim the Fifth Amendment privilege."Id. at 981.
This Court has further held that "[i]f a party reasonably apprehends a risk of self-incrimination, he may claim the Fifth Amendment privilege although no criminal charges are pending against him and even if the risk of prosecution is remote." Exparte Baugh, 530 So.2d 238, 240, n. 2 (Ala. 1988) (citing Wehlingv. Columbia Broadcasting Sys., 608 F.2d 1084 (5th Cir. 1979)).
In Ex parte Coastal Training Institute, this Court said that, to determine whether a stay should issue, the trial court must weigh the movant's interest in postponing the civil action against the prejudice that may result to the other party because of the delay. See Ex parte White, 551 So.2d 923, 925 (Ala. 1989).
It appears to us that most of the facts material to the claim made in the civil action would also be material, and potentially incriminating, in the pending criminal *Page 148 
investigation, and we conclude that Williams has shown a reasonable apprehension of a risk of self-incrimination. As this Court stated in Ex parte Coastal Training Institute, granting a stay of the civil action is the only method of guaranteeing the petitioner's Fifth Amendment privilege.[1]
We cannot accept the respondents' argument that Williams, when asked specific question during a deposition, can simply assert his Fifth Amendment right to remain silent, because we believe that for us to accept that argument would be "to construe the Fifth Amendment too narrowly." Ex parte Price,707 So.2d 1105, 1107 (Ala. 1997). This Court has noted the potential dangers of this narrow interpretation:
 "`[The "broad scope of civil discovery" may be misused.] . . . [U]nconstitutional uses may begin with the surreptitious planting of criminal investigators in civil depositions . . . and end with passive abuses, such as when the civil party, who asserts fifth amendment rights, is compelled to refuse to answer questions individually, revealing his weak points to the criminal prosecutor. This point-by-point review of the civil case may lead to a "link in the chain of evidence" that unconstitutionally contributes to the defendant's conviction.'"
Coastal Training Inst., 583 So.2d at 981 (quoting Afro-Lecon,Inc. v. United States, 820 F.2d 1198, 1203 (Fed Cir. 1987) (citingHoffman v. United States, 341 U.S. 479, 486 (1951)).
Based on our review of the record, and balancing Williams's right against self-incrimination with the prejudice that may result from postponing the respondents' civil action, "we must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding."Coastal Training Inst., 583 So.2d at 981. Accordingly, we hold that the trial court abused its discretion in denying Williams's motion to stay the civil action in this case. We, therefore, grant the petition for the writ of mandamus and issue a writ directing the trial court (1) to vacate its order denying Williams's motion for a stay of proceedings in the civil action and (2) to enter an order consistent with this opinion.
We issue the writ without prejudice to the right of the plaintiffs to seek a dissolution of the stay, if circumstances show that the stay should later be dissolved. The writ is issued without prejudice to the plaintiffs' right to discovery, so long as the discovery is limited to the issue of the substantiality of the defendant's apprehension of prosecution. The action we take in this proceeding will sufficiently protect the right of the plaintiffs to proceed in the civil action, without interfering with the defendant's privilege against self-incrimination.
 PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Houston, Cook, See, Lyons, Brown, and England, JJ., concur.
Johnstone, J., dissents.
[1] Based on the materials presented to us, we are aware that the first-degree-theft-of-property charge against Williams has apparently been withdrawn, but that he is the subject of an ongoing investigation by the Daphne Police Department regarding the transactions forming the basis of the civil action. He is currently being represented by Thomas E. Dasinger with regard to the Daphne Police Department's investigation. Furthermore, the Alabama Securities Commission, in its cease-and-desist order, stated that Williams had violated various provisions of the Alabama Securities Act and that its issuance of the order did not prevent the Commission from seeking such other civil or criminal remedies that are available to it under the Alabama Securities Act.